Petition for Writ of Mandamus Denied and Memorandum Opinion filed April
7, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April 7, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00272-CV

____________

 

IN RE BORIS TWAIN CLEWIS, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








On March
25, 2009, relator, Boris Twain Clewis, filed a petition for writ of mandamus in
this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  According to his petition, on December 29, 2008, relator
filed a motion for temporary administrator and administrator to produce estate
accounting and to account for all his acts as appointee in the underlying
probate proceeding.  The respondent, the Honorable Rory Olsen, presiding judge
of Probate Court No. 3 of Harris County, has not acted on relator=s motion.  Relator requests that we
compel the trial court to direct the estate administrator to produce an estate
accounting and to account for all his acts as appointee and comply with Section
262 of the Texas Probate Code.  See Tex. Prob. Code Ann. ' 262 (Vernon 2003).[1]


Relator
has not met his burden of providing this court with a sufficient record to
establish his right to mandamus relief.  Walker v. Packer, 827 S.W.2d
833, 837 (Tex. 1992) (orig. proceeding).  Relator has not provided this court
with a sworn or certified record, including every document relevant to his
claim for relief.  See Tex. R. App. P. 52.7(a) (requiring certified or
sworn copy of every document material to claim for relief).  Relator also has
not verified the factual statements contained in his petition.  See Tex.
R. App. P. 52.3(j) (stating person filing petition must certify he has reviewed
petition and concluded every factual statement in petition is supported by
competent evidence included in appendix or record).  

A writ
of mandamus may be issued to compel the trial court to act on a motion that is
properly filed and pending before it.  Safety‑Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.CSan Antonio 1997, orig. proceeding).  To establish that the
trial court abused its discretion by failing to rule, the relator must show the
trial court:  (1) had a legal duty to perform a nondiscretionary act; (2) was
asked to perform the act; and (3) failed or refused to do so.  In re
Shredder Co., L.L.C., 225 S.W.3d 676, 679 (Tex. App.CEl Paso 2006, orig. proceeding).  








Relator
has not established the trial court abused its discretion because he has not
shown that a properly filed motion is pending before the trial court or that
any such motion was presented to the trial court with a request for a ruling. 
Moreover, while we have jurisdiction to direct the trial court to rule on a
motion, we may not tell the trial court how to rule on such motion.  In re
Martinez Ramirez, 994 S.W.2d 682, 684 (Tex. App.CSan Antonio 1988, orig. proceeding). 


Relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.  

 

PER CURIAM

 

Panel consists of Justices Yates,
Guzman, and Sullivan.  









            [1]  Section 262 of
the Texas Probate Code states:

At any time after the return of inventory,
appraisement, and list of claims of a deceased person, any one entitled to a
portion of the estate may, by a written complaint filed in the court in which
such case is pending, cause the executor or administrator of the estate to be
cited to appear and render under oath an exhibit of the condition of the
estate.

Tex. Prob. Code Ann. ' 262.