Petition for Writ of Mandamus Denied and Memorandum Opinion filed June
11, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed June 11, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00478-CV

NO. 14-09-00479-CV

____________

 

IN RE TED LAWRENCE ROBERTSON , Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On May
20, 2009, relator, Ted Lawrence Robertson, filed two related petitions for writ
of mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  Relator was served with citation that commanded him to
appear, on August 15, 2001, before the 247th District Court of Harris County. 
Instead, on August 15, 2001, the 312th District Court entered a default
judgment and protective order against relator.  Relator was subsequently
convicted, in the 174th District Court of Harris County, of violating the
protective order.  








In the
first petition, relator requests that we compel the Honorable Robert Hinojosa,
presiding judge of the 312th District Court of Harris County, to rule on his
motion to vacate and/or set aside the default judgment and protective order
entered by that court on August 15, 2001.[1] 
Relator filed his motion to vacate and/or set aside the default judgment and
protective order in January 2009 and, again, in March 2009, but Judge Hinojosa
has yet to rule on either motion.  

In his
second petition, relator requests that we compel the Honorable Bonnie Crane
Hellums, presiding judge of the 247th District Court of Harris County, to rule
on his motion for a ruling, hearing, and/or trial on all pending motions in the
underlying case in that court.[2]  In May or
June 2007, relator filed a motion requesting Judge Hellums to vacate and/or set
aside the same default judgment and protective order that were issued by the
312th District Court on August 15, 2001.  On January 11, 2009, relator filed a
motion requesting that Judge Hellums rule on all pending motions, including his
motion to vacate and/or set aside the subject default judgment and protective
order, but she has not ruled on that motion.  

As an
initial matter, neither of relator=s petitions complies with the Texas
Rules of Appellate Procedure.  Relator=s petitions do not include certification
that he has reviewed either petition and has concluded that every factual
statement in his petitions is supported by competent evidence in the record.  See
Tex. R. App. P. 52.3(j).  Relator also has not filed a record with either
petition that includes a sworn or certified copy of every document that is
material to relator=s claims for relief and that was filed in the underlying
proceeding.  See Tex. R. App. P. 52.7(a)(1).  








AWhen a motion is properly filed and pending before the trial
court, the act of giving consideration to and ruling upon that motion is a
ministerial act, and mandamus may issue to compel the trial judge to act.@  Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.CSan Antonio 1997, orig. proceeding).  To establish that the
trial court abused its discretion by failing to rule, the relator must show
that the trial court:  (1) had a legal duty to perform a nondiscretionary act;
(2) was asked to perform that act; and (3) failed or refused to do so.  In
re Shredder Co., L.L.C., 225 S.W.3d 676, 679 (Tex. App.CEl Paso 2006, orig. proceeding). 
While we have jurisdiction to direct the trial court to rule on a motion, we
may not instruct the trial court on how to rule.  In re Ramirez, 994
S.W.2d 682, 684 (Tex. App.CSan Antonio 1998, orig. proceeding).  

Relator
has not demonstrated that he filed the subject motions with the 312th and 247th
District Courts or that those courts had received, were aware of, or were asked
to rule on the respective motions by any correspondence or other documents from
relator calling the courts= attention to his motions.  See In re Villarreal, 96
S.W.3d 708, 710 (Tex. App.CAmarillo 2003, orig. proceeding).  Filing a document with the
district clerk does not mean the trial court is aware of it; nor is the clerk=s knowledge imputed to the trial
court.  In re Hearn, 137 S.W.3d 681, 685 (Tex. App.CSan Antonio 2004, orig. proceeding); In
re Villarreal, 96 S.W.3d at 710 n.2.  Therefore, relator has not
established that the 312th and 247th District Courts abused any discretion in
failing to rule on his motions.  See In re Shredder Co., L.L.C., 225
S.W.3d at 679.  

Relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.

 

PER CURIAM

 

Panel consists of Justices Seymore,
Brown, and Sullivan.









            [1]  Relator=s first petition for writ of mandamus is pending in
cause number 14-09-00478-CV.





            [2]  Relator=s second petition for writ of mandamus is pending in
cause number 14-09-00479-CV.