COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00058-CV

 

 


 
 
 William
 J. Kelly; Ariel I. Quiros; and Technotree International, LLC
  
  
  
 v.
  
  
 Phillip
 Hinson and Don Siratt
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 
 
 From the 17th District Court
  
 of
 Tarrant County (17-249173-10)
  
 November
 21, 2012
  
 Opinion
 by Justice Walker
  
 Dissent
 by Justice McCoy
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is reversed, and the case is remanded to the trial court for
further proceedings consistent with this opinion.  

          It
is further ordered that appellees Phillip Hinson and Don Siratt shall pay all
of the costs of this appeal, for which let execution issue. 

SECOND DISTRICT COURT OF APPEALS 

 

 

By_________________________________

                                                          Justice
Sue Walker

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00058-CV

 

 


 
 
 William J. Kelly; Ariel I. Quiros; and Technotree
 International, LLC
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Phillip Hinson and Don Siratt
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 17th
District Court OF Tarrant COUNTY

----------

OPINION

----------

I.  Introduction

Appellants
William J. Kelly; Ariel I. Quiros; and TechnoTree International, LLC (TTI) claim
that the trial court erred by failing to rule on their motion to compel
arbitration prior to granting summary judgment in favor of Appellees Phillip
Hinson and Don Siratt.  Because the trial court had a ministerial duty to rule
on Appellants’ motion to compel arbitration and had no discretion to refuse to
hear or rule on the motion, we will reverse the summary judgment granted for
Appellees and remand this case to the trial court for a hearing on Appellants’
motion to compel arbitration.

II.  Factual and Procedural Background

          According
to allegations in Appellees’ original petition, Appellees each invested $130,000
in TTI in 1999 after Appellant Kelly personally guaranteed that Appellees would
receive a complete refund of their investments after the end of ten years if
they had not already received back the amount of their investments prior to
that time from dividends or distributions.  In connection with their
investments, Appellees received copies of the Regulations and Operating Agreement
(the Agreement) for TTI.  Section 18.5 of the Agreement states,

18.5 Governing
Law; Arbitration.  The validity and effect of this Agreement shall be
governed by and construed and enforced in accordance with the laws of the State
of Florida, without regard to any conflict-of-law rule or principle that would
give effect to the laws of another jurisdiction.  Any dispute, controversy or
question of interpretation arising under, out of, in connection with or in
relation to this Agreement or any amendments hereof, or any breach or default
hereunder, shall be submitted to, and determined and settled by, a three (3)
member arbitration panel in accordance with the Commercial Arbitration Rules of
the American Arbitration Association, except that nothing contained herein
shall prohibit the enforcement of the covenants set forth herein in courts of
competent jurisdiction.  The place of arbitration shall be Ft. Lauderdale,
Florida, and the language to be used in the arbitral proceedings shall be
English.  Any award rendered in such proceedings shall be final and binding on
the parties thereto, and judgment may be entered thereon in any court having
jurisdiction thereof.  Each of the parties hereby irrevocably submits to the
jurisdiction of any arbitration panel sitting in Ft. Lauderdale, Florida.  Each
party hereby irrevocably waives, to the fullest extent it may effectively do
so, the defense of an inconvenient forum to the maintenance of any arbitration
in Ft. Lauderdale, Florida. 

 

          In
2010, after allegedly not receiving a refund of their investments in TTI,
Appellees filed suit against Appellants in Tarrant County.  Appellants, who
were not represented by counsel in the trial court, filed a pro se “Declaration
In Support of Special Appearance For William J. Kelly, Ariel I. Quiros, And
Techno Tree International, LLC And Motion To Dismiss/Compel Arbitration”;
Appellants attached a copy of the Agreement and a Membership Certificate that
recites that all ownership rights in TTI are “subject to” the Agreement.  The prayer
in the “Motion To Dismiss/Compel Arbitration” portion of the “Declaration In
Support of Special Appearance For William J. Kelly, Ariel I. Quiros, And Techno
Tree International, LLC And Motion to Dismiss/Compel Arbitration” states that
“[e]ach Defendant respectfully requests . . . [t]hat this matter be compelled
to arbitration.”  The document is signed by Ariel Quiros on behalf of TTI as
its “Managing Member.”[1]

In
the months that followed, Appellants sent three letters to the trial court, urging
the court to hold a hearing and to rule on the motion to compel arbitration. 
Each letter was served on opposing counsel.  A February 15, 2011 letter states,


The matter of the
Plaintiff’s complaint is subject to agreed upon valid and binding arbitration
in the State of Florida.  The pending Motion to Compel arbitration is thus
potentially dispositive of the entire case.  However, to date I have not yet
received a ruling on the Motion to Compel or a notice of hearing on the
Cause.  I would appreciate your guidance on how to obtain a ruling on the
Motion to Compel Arbitration, which would obviate the need for either preparing
a Scheduling Order or trying this case in Your Honor’s Court.  [Emphasis added.]


 

A May
23, 2011 letter opens with the following:

Without waiving any
defenses, including lack of personal jurisdiction or the application for a
limited Special Appearance on the defenses in answer to the above referenced
Cause, I write to you today with continued prayer that the Court address and
rule on the pending Motion to Compel Arbitration presently before Your Honor. 
. . . I respectfully request that the court grant the Motion to Compel
Arbitration currently filed with your court in this matter, or stay the dates
of Paragraph 4 of the Scheduling Order until the Motion to Compel can be
heard in your court.  [Emphasis added.] 

 

          While
Appellants were attempting to obtain a ruling on their motion to compel
arbitration, Appellees moved for summary judgment based on deemed admissions.  Appellees
gave notice that the summary judgment motion was set for hearing on November
11, 2011, which was four days after the trial setting of November 7, 2011. 

          Appellants
then filed a third letter dated September 19, 2011,[2]
which opens like the May 23 letter above, and sets out a timeline of
Appellants’ continued attempts to obtain a ruling on their motion to compel
arbitration.  This letter is addressed to both the trial court judge and to the
court coordinator and recounts a conversation between Appellant Kelly and the
court coordinator involving Appellants’ continued attempts to have the motion
to compel arbitration set for a hearing and ruled on by the trial court.  The
letter states,

On August 25th,
2011 Ms. Bentley wrote to me notifying me of an Order Regarding Trial
Setting On November 7, 2011.  In a subsequent phone call to Ms. Bentley
requesting information about the pending Motion to Compel Arbitration, she
advised me that I should refer to the Texas Rules of Procedure which require
that I have a teleconference with opposing counsel to discuss their intentions
regarding the Motion to Compel Arbitration and to report back to her and the
court the results of that teleconference.  (I have attached a copy of the Order[.])

 

I called Plaintiff’s
counsel’s office several times and reached Mr. Romney today to discuss the
Motion to Compel Arbitration.  Mr. Romney has agreed that I should report back
to Ms. Bentley and the court that we have not been able to reach an agreement
regarding the Motion to Compel Arbitration. . . . 

 

The
letter concludes with a request that the motion to compel arbitration be
granted and that all other motions be stayed until arbitration is completed. 

          On
October 20, 2011, Appellants filed a “Motion for Expedited Telephonic Hearing
and to Continue Trial.”  The relief prayed for is “a 15 minute telephonic
hearing on the motion to compel arbitration and a continuance of the trial date
until resolution of the issue of arbitration.”  On the same day, Appellees
filed a motion for continuance, “respectfully request[ing] that the Court grant
the parties a short continuance so that the Court may consider the various
matters pending before it [specifically referencing in the previous paragraph
that Appellants had several letters to the court that requested certain kinds
of relief be granted] as it sees fit.” 

          The
trial court signed an agreed continuance order, resetting the case for trial
for the week of March 5, 2012; ordering the parties to mediate the matter by
February 15, 2012; and ordering the parties to be prepared to discuss all
aspects of the trial with the trial court on March 1, 2012.  Despite the
continuance, two weeks later, the trial court signed a final judgment, granting
Appellees’ motion for summary judgment.  Appellants perfected this appeal.

III. 
The Trial Court Abused Its Discretion by Failing to Set a Hearing and Rule on
Appellants’ Motion to Compel Arbitration

 

          In
their first issue, Appellants argue that the trial court erred by failing to
rule on their motion to compel arbitration prior to granting summary judgment
for Appellees.      Appellees argue that the trial court was not required to
rule because Appellants “did not request a hearing, or object to any perceived
refusal by the trial court to rule”; Appellants did not raise the failure to
rule on the motion to compel arbitration in a response to Appellees’ motion for
summary judgment; and the motion to compel arbitration is not signed by an
attorney so it is void ab initio.  

When
a motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon the motion is a ministerial act.  See In re
Shredder Co., 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig.
proceeding); Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.
App.— San Antonio 1997, orig. proceeding); In re Banc of Am. Inv. Servs.,
Inc., No. 02-04-00272-CV, 2004 WL 2416561, at *2 (Tex. App.—Fort Worth Oct.
28, 2004, orig. proceeding) (mem. op.).  The trial court has no discretion to
refuse to hear and rule on a properly filed, pending motion because a refusal
to timely rule on a motion frustrates the judicial system and constitutes a
denial of due course of law.  In re Ramirez, 994 S.W.2d 682, 683–84
(Tex. App.—San Antonio 1998, orig. proceeding).  This requirement does not
interfere with the trial court’s discretion because a trial court has no
discretion to refuse to rule.  See id. at 684.  The trial court,
however, retains discretion to determine how to rule.[3] 
Womack v. Berry, 156 Tex. 44, 49, 291 S.W.2d 677, 682 (1956) (orig.
proceeding); Ramirez, 994 S.W.2d at 684.  

          Both
Texas and federal law strongly favor arbitration.  See, e.g., In re
Rubiola, 334 S.W.3d 220, 225 (Tex. 2011) (orig. proceeding).  Because the
benefits of arbitration lie in expedited and less expensive disposition of a dispute,
a trial court should rule expeditiously on a motion to compel arbitration.  See,
e.g., In re Shredder Co., 225 S.W.3d at 679; In re MHI P’ship,
Ltd., 7 S.W.3d 918, 921–22 (Tex. App.—Houston [1st Dist.] 1999,
orig. proceeding).  If the arbitration agreement is enforceable, it is
inappropriate for the case to remain in the trial court.  See Pepe Int’l
Dev. Co. v. Pub Brewing Co., 915 S.W.2d 925, 929 (Tex. App.—Houston [1st
Dist.] 1996, orig. proceeding).

          The
appellate record before us establishes the following facts.  The first document
filed by Appellants—on December 3, 2010—was their “Declaration In Support of
Special Appearance For William J. Kelly, Ariel I. Quiros, And Techno Tree
International, LLC And Motion To Dismiss/Compel Arbitration.”  The Agreement
and the arbitration clause at issue were specifically identified in the motion,
and a copy of the Agreement containing the arbitration clause was attached to
the motion.  During the next eleven months, Appellants repeatedly requested a hearing
and a ruling on the arbitration motion; Appellants mailed three letters to the trial
court requesting a ruling or a hearing on their motion to compel arbitration,
served opposing counsel with copies of the letters, sent in a certificate of
conference indicating that Appellees did not agree with the motion to compel
arbitration, and filed a motion for a telephonic hearing on their motion to
compel arbitration.  Appellants communicated via telephone with the court
coordinator in an effort to set a hearing on their motion.  We hold that the
trial court had a ministerial duty to set Appellants’ motion for arbitration
for a hearing and to rule on it.  See Safety-Kleen Corp., 945
S.W.2d at 269 (holding that trial court abused its discretion by refusing to
set motion for a hearing after relator requested that court coordinator set
hearing); In re MHI P’ship, Ltd., 7 S.W.3d at 921–22 (holding that trial
court abused its discretion by deferring ruling on arbitration motion until
after discovery was complete); In re Reeves Cnty., No. 08-09-00227-CV,
2009 WL 2623355, at *2 (Tex. App.—El Paso 2009, orig. proceeding) (mem. op.)
(holding that trial court abused its discretion by failing to rule on
arbitration motion despite three letters requesting ruling); In re Banc of
Am. Inv. Servs., Inc., 2004 WL 2416561, at *2 (holding that trial court
possessed ministerial duty to rule on arbitration motion that had been pending
for five months).  

Appellees’
contention that Appellants “did not request a hearing, or object to any perceived
refusal by the trial court to rule” is not supported by the record before us. 
As set forth above, Appellants’ letters requested a ruling and a hearing, and
ultimately Appellants filed a motion explicitly requesting a fifteen-minute
telephonic hearing on their motion to compel arbitration.[4]

Appellees’
contention that Appellants waived their right to a ruling on their motion to
compel arbitration by failing to file a response to Appellees’ motion for
summary judgment is not supported by case law.  The only case Appellees cite in
support of this proposition is Devine v. Am. Express Centurion Bank, No.
09-10-00166-CV, 2011 WL 2732583 (Tex. App.—Beaumont 2011, no pet.) (mem. op.). 
In Devine, the appellant did not file a motion to compel arbitration
until after the trial court had already granted summary judgment.  Id.
at *2.  The appellate court explained that “[g]enerally a party may not choose
to litigate, and then when dissatisfied with the result, ask for arbitration.” 
Id.  Here, the very first document filed by Appellants at the outset of
the lawsuit included a motion to compel arbitration; the motion was filed over
eleven months before the summary judgment was signed.  Thus, the rationale
underlying the holding in the Devine case, in which arbitration was
sought for the first time after a summary judgment was signed, is not
applicable here.  See id.

And, finally, Appellees’
contention that Appellants’ motion to compel arbitration is void ab initio because
it is not signed by an attorney fails.  The motion was signed by Ariel Quiros,
a nonlawyer, managing member of TTI.  Appellees neither objected in the trial
court to the pro se status of the motion to compel arbitration nor filed a
motion requesting that Quiros show authority to proceed on behalf of TTI.  See
Tex. R. Civ. P. 12.  A document filed in court by a nonlawyer purportedly on
behalf of a corporation is defective but not void and may be effective for
certain purposes.  Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA,
937 S.W.2d 455, 456 (Tex. 1996) (holding that nonlawyer corporate officer could
perfect appeal for corporation); Rabb Int’l, Inc. v. SHL Thai Food Serv.,
LLC, 346 S.W.3d 208, 209–10 (Tex. App.—Houston [14th Dist.] 2011, no pet.)
(holding that motion for new trial filed by nonlawyer was not void and was
effective to extend deadline to perfect an appeal); Guadalupe Econ. Serv.
Corp. v. Dehoyos, 183 S.W.3d 712,
715–16 (Tex. App.—Austin 2005, no pet.) (holding that answer purportedly filed
on behalf of corporation by nonlawyer, though defective, still prevents the
trial court from granting a default judgment);  Home Sav. of Am. FSB v. Harris Cnty. Water
Control & Improvement Dist., 928
S.W.2d 217, 219 (Tex. App.—Houston [14th Dist.] 1996, no writ) (same).  Thus, Appellants’
motion to compel arbitration—signed by a nonlawyer, managing member of TTI—was
not void ab initio, and its unobjected-to, pro se status did not excuse the
trial court from performing the ministerial duties of setting the motion for a
hearing and ruling on it.[5]

Because the trial court failed
to set a hearing and failed to rule on Appellants’ properly-filed, pending
motion to compel arbitration, we sustain Appellants’ first issue. [6]

IV.  Conclusion

          Having
sustained Appellants’ first issue, we reverse the summary judgment granted in
favor of Appellees without regard to the merits.  See Tex. R. App. P.
43.2(d).  We remand the case to the trial court for a hearing on the motion to
compel arbitration and for further proceedings.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
GARDNER, WALKER, and MCCOY, JJ.

 

MCCOY,
J., filed a dissenting opinion.

 

DELIVERED:  November 21,
2012  

 



 

 









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00058-CV

 

 


 
 
 William J. Kelly; Ariel I. Quiros; and Technotree
 International, LLC
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Phillip Hinson and Don Siratt
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 17th
District Court OF Tarrant COUNTY

----------

DISSENTING
OPINION

----------

          I
respectfully dissent.  As succinctly put by Appellees in their briefing,
“Appellants have not cited a single Texas case, and [a]ppellees have found
none, in which a party who responded to nothing, appeared for nothing, and
objected to nothing was entitled to any relief on appeal.”   

          A
procedural review of the case shows that Appellants filed an unsworn special
appearance and obtained no hearing or ruling.  An unsigned “Motion to Compel
Arbitration/Dismiss, [or] Alternatively to Stay” was filed.  Appellants failed
to respond to Requests for Admissions.  Appellants failed to respond to a
traditional motion for summary judgment.  Appellants did not appear at the
hearing on this latter motion.

          On
February 15, 2011, Appellant Kelly wrote to the court concerning the motion to
compel arbitration and did not request a hearing.  On May 23, 2011, Appellant
Kelly wrote to the court concerning the motion to compel arbitration and did
not request a hearing.  In September, 2011,[7] Appellant Kelly wrote to
the court concerning the motion to compel arbitration and did not request a
hearing.  Finally, on October 20, 2011, Appellant Kelly (who could not
represent Appellant Technotree) filed a “Motion for Expedited Telephonic
Hearing and to Continue Trial.”  After Appellants retained counsel for their
motion for new trial, an obviously exasperated trial court judge recounted as
follows, 

          The
document I was trying to show you [counsel] was her [the court coordinator’s]
e-mail that we have informed Mr. Kelly, on multiple occasions, what he needs to
do to get a matter set before this Court.  It includes having a certificate of
conference and requesting a hearing.  And for whatever reason, my recollection
is, Mr. Kelly just simply refused to follow those requests, both verbal
and certainly, even by e-mail. 

 

          My point of
showing it to you was, I, frankly, wanted you to know, as Mr. Kelly’s counsel,
that our Court has bent over backwards to make sure that he had a clear
understanding of how to have his day in court, and for whatever reason, he
never chose to appear or participate in the process.  

 

          . . . [B]ut
you do need to know that that is my belief in this case, that he would continue
to write letters requesting a setting or a hearing, but he would never follow
it through.  He would never get the certificate of conference and call the
Court get it set on the Court’s docket.  

 

          I’m
just––in my mind, he’s a pro se litigant.  He is trying to figure out the Court
system and how does he get something set.  And to be candid, my frustration, in
a sense, that I know that our staff has bent over backwards to make sure he
understands.  So he continues to write letters complaining how he can’t get
a hearing or whatever the letters say.  They speak for themselves, but the fact
is, is that we’ve told him what he needs to do, and he just simply doesn’t
do it.  

 

          So I was
aware of Mr. Kelly’s request, and that is why, as I pointed out earlier, we’ve
tried to make every effort to simply get him to follow the rules to get the
matter set.  And with respect to a motion [to] compel arbitration, that has not
been before me.  

 

          . . . [I]t’s
my belief that the Court did everything within its power to try to inform Mr.
Kelly of the procedures to get the motion set.  And frankly, the way––I believe
as Ms. Webre stated, with respect to the rules of the Supreme Court on how this
Court construes arbitration, it was surprising to me that if he really wanted
the motion to compel arbitration set, why he didn’t go through the motions and
get the matter set on the Court’s docket so the Court could, in fact, rule on
that particular motion?  [Emphasis added.]

 

          I
cannot find that the trial court abused its discretion under the circumstances
and would affirm the judgment of the trial court.

 

BOB MCCOY

JUSTICE

 

DELIVERED:  November 21,
2012









[1]Appellees apparently
attribute this signature to only the certificate of conference; Appellants
attribute it to the entire document that precedes it.





[2]The typewritten date on
the letter is September 19, 2011.  The “19” is crossed out, and a handwritten
number appears above the typewritten date.  Because it is not clear whether the
handwritten number is “20,” “25,” “26,” or “28,” we use the typewritten date
for ease of reference.





[3]Accordingly, we express no
opinion on the merits of Appellants’ motion to compel arbitration.





[4]Appellees point to
comments made on the record at the motion for new trial hearing by the trial
court indicating that Appellants did not do what they needed to do to get a
hearing; specifically, the trial court stated that Appellants had failed to get
a certificate of conference on their motion to compel and had failed to request
a hearing on the motion to compel.  But, as set forth above, the record
reflects that Appellants did obtain a certificate of conference and did, on
multiple occasions, request a hearing.  Appellees have not cited any rules of
civil procedure or any local court rules that they contend Appellants did not
comply with.





[5]Moreover, according to the
prayer set forth in the motion to compel arbitration, both Kelly and Quiros
individually sought arbitration; they clearly possess the right to proceed pro
se on the motion to compel arbitration.





[6]Because Appellants’ first
issue is dispositive of this appeal, we need not address Appellants’ remaining
issues.  See Tex. R. App. 47.1 (requiring appellate court to address
only issues necessary to final disposition of the appeal).





[7] As noted by the majority,
it is unclear exactly what day the handwritten date represents.