

**IN THE**

**TENTH COURT OF APPEALS**

---

**No. 10-13-00169-CR**

**IN RE NAKIA SHERNELL COOK**

---

**Original Proceeding**

---

**MEMORANDUM  OPINION**

---

In this original proceeding, Relator Nakia Shernell Cook seeks mandamus relief against the respondent trial judge[1] on the allegation that he has failed to timely rule, or has refused to rule, on Cook's motions for a bench warrant and for a speedy trial in the underlying criminal case.[2]  Cook, who is a state prison inmate, alleges that he filed these

---

[1] Cook identifies the Respondent as "County Court at Law #2," but the Respondent is the judge of that court.  *See* TEX. R. APP. P. 52.2.

[2] Cook's application (petition) for writ of mandamus has several procedural deficiencies.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *See id*. 52.3(j).  The appendix, which also apparently serves as Cook's record, is not certified or sworn to, as required by Rules 52.3(k) and 52.7(a)(1).  *See id.* 52.3(k), 52.7(a)(1).  The petition lacks proof of service on the Respondent; it improperly indicates service on the Clerk of this Court, rather than on the Respondent trial court judge.  *See id.* 9.5, 52.2.  And, it lacks proof of service on the McLennan County District Attorney, a Real-Party-in-Interest.  *See id.* 52.2.  A copy of all documents presented to the Court must be served *on all parties* to the

motions in his misdemeanor theft case pending in the County Court at Law No. 2 in McLennan County. It appears that McLennan County has placed a "hold" on Cook with the Texas Department of Criminal Justice so that when he is released from prison, he will be released into the custody of the McLennan County Sheriff's Department for prosecution of the misdemeanor case. Cook alleges that this hold disqualifies him from participating in prison educational programs, which is why he wants his misdemeanor case resolved promptly.

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62

---

proceeding and must contain proof of service. *Id.* 9.5. Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules. *Id.* 2.

S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez*, 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.* Also, the mere filing of a pleading or letter with the clerk does not impute knowledge to the trial judge. *See In re Flores*, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding).

Cook bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Mullins*, 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no record showing that Cook has brought the matter to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time.

Because Cook has not shown that he is entitled to relief, we deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition denied
Opinion delivered and filed June 6, 2013
Do not publish
[OT06]