

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-13-00280-CR

## IN RE RUSSELL LYNN RAYMER

---

## Original Proceeding

---

## MEMORANDUM  OPINION

---

In this original proceeding,[1] Relator Russell Lynn Raymer seeks mandamus relief in the form of compelling the Respondent trial judge to rule on Raymer's motions for forensic DNA testing and for appointment of counsel under Code of Criminal Procedure Chapter 64.[2]

---

[1] Raymer's petition for writ of mandamus has several procedural deficiencies.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *See* TEX. R. APP. P. 52.3(j).  The appendix, which apparently serves as Raymer's record, is not certified or sworn to, as required by Rules 52.3(k) and 52.7(a)(1).  *See id.* 52.3(k), 52.7(a)(1).  The petition also lacks proof of service on the Respondent trial judge; it indicates service on only the Brazos County District Attorney.  *See id.* 9.5, 52.2.  Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules.  *Id.* 2.

[2] We affirmed Raymer's aggravated robbery conviction in 2008.  *Raymer v. State*, No. 10-06-00354-CR, 2008 WL 2840882 (Tex. App.—Waco July 23, 2008, pet. ref'd) (mem. op., not designated for publication).  Raymer seeks testing of saliva swabs taken after he was arrested to show that he was so impaired by

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn,* 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter,* 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.,* 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn,* 137 S.W.3d at 685; *Keeter,* 134 S.W.3d at 252; *Chavez,* 62 S.W.3d at 228; *Barnes,* 832 S.W.2d at 426; *see also Shredder Co.,* 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn,* 137 S.W.3d at 685; *Chavez,* 62 S.W.3d at 228; *Barnes,* 832 S.W.2d at 426; *cf. Shredder Co.,* 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez,* 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion to the

---

drugs and alcohol that his alleged confession was involuntary. Because Raymer is not seeking forensic DNA testing, but rather drug and alcohol testing, Chapter 64 is plainly inapplicable.

trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.*

Raymer bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no record showing that Raymer has brought the matter to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time. We deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition denied
Opinion delivered and filed October 3, 2013
Do not publish
[OT06]