

**IN THE**

**TENTH COURT OF APPEALS**

---

**No. 10-14-00296-CR**

**IN RE ROBERT ALLEN BYRD**

---

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

In this original proceeding,[1] Relator Robert Allen Byrd seeks mandamus relief in the form of compelling the Respondent trial court judge to rule on Byrd's "writ of mandamus."[2]

"A court with mandamus authority 'will grant mandamus relief if relator can

---

[1] The (petition for) writ of mandamus lacks proof of service. A copy of all documents presented to the Court must be served *on all parties* (*i.e.*, the trial court judge and the district attorney) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. The petition also lacks most of the contents required by Rule 52. *Id.* 52.3, 52.7. It does not include the certification required by Rule of Appellate Procedure 52.3(j). *Id.* 52.3(j). It lacks a record, and the appendix is incomplete. *Id.* 52.3(k), 52.7. To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

[2] Byrd alleges that the trial court ordered him to pay attorney's fees and court costs a year after his conviction. Byrd's trial-court pleading (incorrectly titled "writ of mandamus") on which he seeks a ruling appears to be an attempt by Byrd to have the trial court delete the assessment of attorney's fees and other costs on the ground that Byrd was and is indigent. Byrd also seeks reimbursement for money apparently taken from his inmate account per the trial court's order.

demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. *The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (emphasis added).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez*, 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion *to the trial judge's attention*, and mandamus will not lie *unless the movant makes such a showing*

and the trial judge then fails or refuses to rule within a reasonable time.  *See id.*  Also, the mere filing of a pleading or letter *with the clerk* does not impute knowledge *to the trial judge*.  *See In re Flores*, No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding).

Byrd bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief.  *See In re Mullins*, 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).  Byrd alleges that he has "mailed letters" asking the trial judge to rule, but there is no *record* showing that Byrd has brought the matter to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time.

We deny the petition for writ of mandamus.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Chief Justice Gray concurs with a note)*
Petition denied
Opinion delivered and filed October 23, 2014
Do not publish
[OT06]

    *(Chief Justice Gray concurs in the judgment denying the petition but does not join the opinion of the Court.)

