### In re The SHREDDER COMPANY, L.L.C.

No. 08–06–00179–CV.

Court of Appeals of Texas, El Paso.

Nov. 9, 2006.

Paul Gay, The Law Office of David Pierce, El Paso, for relator.

Karla Mariana Hernandez, Sherr, Legate, Ehrlich, PLLC, El Paso, for interested party.

Before CHEW, C.J., McCLURE, J., and BARAJAS, C.J. (Ret.)(Sitting by Assignment).

## OPINION ON PETITION FOR WRIT OF MANDAMUS

DAVID WELLINGTON CHEW, Justice.

In this original proceeding, Relator, the Shredder Company, L.L.C. ("Shredder"), complains of the trial court's failure to rule on its motion to compel arbitration. We conditionally grant mandamus relief as further specified herein.

## FACTUAL BACKGROUND

Relator began employing Real Party In Interest Luis B. Cuevas ("Cuevas") in 2004. On the date of his employment, Cuevas allegedly signed an agreement purportedly requiring him to resolve all disputes relating to work-related injuries through arbitration. Shortly thereafter, Cuevas apparently sustained an on-the-job injury while employed with Relator. Cuevas subsequently filed suit in the 120th

District Court of El Paso County, the Hon. Luis Aguilar presiding.

On November 9, 2005, Relator moved to compel arbitration and a hearing was scheduled for November 29, 2005. According to the trial court's notes, the hearing was cancelled by counsel for Cuevas. A status conference was then set for December 6, 2005, but was cancelled by Relator due to lack of notice. An additional status conference was set for December 13, 2005. At the December 13, 2005 status conference, counsel for Cuevas first reviewed the arbitration provision but denied that Cuevas had signed the agreement.[1]

On March 21, 2006, a third hearing was held on Relator's motion to compel.[2] At the hearing, counsel for Cuevas argued that the arbitration provision was unenforceable. Relator pointed out that counsel for Cuevas first argued at an earlier hearing that Cuevas did not sign the agreement but subsequently presented no evidence to support this claim. Relator then addressed Cuevas' argument that the plan was a sham because it was unfunded.[3] Relator presented evidence that the work injury plan carried a $2,500 deductible which was exhausted, the independent insurance carrier had assumed all further payments, and Cuevas received benefits under the plan.[4] At the conclusion of the

---

1. Apparently, Cuevas was not present at the status conference.

2. The trial court indicated on the record that three separate hearings were held on Relator's motion to compel arbitration. However, only the March 21, 2006, hearing was recorded.

3. According to the handwritten notes of the trial court, further discovery was ordered on the issue of whether the plan was funded after the second hearing held on the motion to compel arbitration.

4. Cuevas filed a response to Shredder's motion to compel arbitration on the same day as the March 21, 2006, hearing alleging that Shredders' "Occupational Injury Benefit Plan" was unenforceable because: (1) the agreement violated the Texas Labor Code; (2) fraud, fraud in the inducement and misrepresentation; (3) lack of consideration because the plan was unfunded; (4) the agreement was unconscionable; (5) duress; (6) the agreement was unconscionable; (5) duress; (6) the agreement was illusory; (7) the agreement was illegal and oppressive and in violation of the Texas Arbitration Act; (8) Cuevas did not knowingly and voluntarily enter into

hearing on Relator's motion to compel arbitration, the trial court ordered Relator to allow Cuevas to depose Ruben Ortiz, the plan administrator, but did not rule on the motion.

Relator subsequently filed a motion to quash the deposition of Rubin Ortiz. A hearing was held on Relator's motion to quash on May 11, 2006. At the hearing, counsel for Cuevas again addressed the validity of the arbitration agreement. Relator informed the trial court that it would be seeking mandamus relief but asked the trial court to consider ruling on its motion instead. At the conclusion of the hearing, the Hon. Luis Aguilar declined to rule on the motion to compel arbitration. Relator then filed its petition for writ of mandamus in this Court seeking relief from the trial court's failure to rule on its motion to compel arbitration.

### DISCUSSION

■ Mandamus is proper to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time. *See In re Greenwell,* 160 S.W.3d 286, 288 (Tex.App.-Texarkana 2005, orig. proceeding). What is considered a reasonable amount of time is dependent upon the circumstances of each case. *See Ex parte Bates,* 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001, orig. proceeding).

■ To establish that the trial court abused its discretion by failing to rule, the relator must show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In*

the agreement; and (9) the agreement was

*re Sepeda,* 143 S.W.3d 871, 872 (Tex.App.-El Paso 2004, orig. proceeding); *see also Newton v. Calhoun,* 203 S.W.3d 382, 386 (Tex.App.-El Paso, 2006, orig. proceeding), *citing Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979). " 'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial court to act." *Safety–Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig. proceeding).

■ The main benefits of arbitration lie in expedited and less expensive disposition of a dispute. *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 269 (Tex. 1992)(orig. proceeding). Further, the Legislature has mandated that courts "summarily" determine whether an agreement to arbitrate is enforceable. Tex.Civ.Prac. & Rem.Code Ann. § 171.021(b)(Vernon 2005); *In re MHI Partnership, Ltd.,* 7 S.W.3d 918, 923 (Tex.App.-Houston [1st Dist.] 1999, orig. proceeding). Absent controverting evidence of the material facts necessary to determine the issue, a trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. *Jack B. Anglin Co., Inc.,* 842 S.W.2d at 269. Even if a party contests the validity and scope of the arbitration agreement, a trial court abuses its discretion by delaying a ruling on whether the agreement is enforceable until after discovery is complete. *See In re MHI Partnership, Ltd.,* 7 S.W.3d at 923.

■ Here, the record reflects that the motion to compel arbitration was pending for approximately six months by the time of the final May 11, 2006, motion to quash hearing. Further, a trial on the merits was set for September 15, 2006. Addition-

against public policy.

ally, Relator has made repeated requests for a ruling on its motion. Specifically, the record indicates that the trial court has held at least three separate hearings addressing Relator's motion, each without a ruling. In addition to these hearings, there were at least two other hearings wherein Relator requested a ruling on its motion. At the hearing on Relator's motion to quash deposition testimony, counsel for Relator again requested a ruling on its motion. Finally, counsel for Relator informed the trial court that it would be seeking a writ of mandamus but again implored the trial court to make a ruling. The trial court denied Relator's request for a ruling on its motion opting instead to wait for a ruling from this Court.

■ In light of the facts of this case, we find that the trial court abused its discretion in refusing to rule on Relator's motion to compel arbitration despite repeated requests to do so. *See In re Bonds*, 57 S.W.3d 456, 458 (Tex.App.-San Antonio 2001, orig. proceeding). Although we have jurisdiction to direct the trial court to exercise its discretion in some manner, under no circumstances may we tell the trial court what its decision should be. *In re Martinez Ramirez*, 994 S.W.2d 682, 684 (Tex.App.-San Antonio 1998, orig. proceeding).

Relator has framed its issue as "the trial court abused its discretion by failing to rule because the evidence conclusively established that Plaintiff's claims were covered by a valid arbitration agreement. . . ." However, we find that the trial court abused its discretion because it failed to make a ruling either granting or denying

the motion to compel arbitration. We express no opinion on whether Relator conclusively established that Cuevas' claims were covered, whether the arbitration agreement itself is valid, or otherwise address the merits of the motion.[5] Accordingly, we conditionally grant the writ of mandamus. The writ will issue only if the trial court fails to rule on the motion to compel arbitration.

---

5. Relator's first and second arguments focus on the merits of its motion to compel arbitration. Relator asks this Court to enter and order finding that a valid arbitration agreement exists and that Cuevas' alleged injury is covered by the agreement. However, the arbitration issue is not ripe for our consideration because the trial court has not made a ruling on the merits of the motion to compel. *See In re MHI Partnership, Ltd.*, 7 S.W.3d at 921 n. 6. Accordingly, we do not reach Relator's first or second issues.