Petition for Writ of Mandamus
Denied and Memorandum Opinion filed December 22, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00942-CV

NO. 14-09-01053-CV

____________

 

IN RE TED LAWRENCE ROBERTSON, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            On
November 9, 2009, relator, Ted Lawrence Robertson, filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition, relator requests
that we compel the Honorable Bonnie Crane Hellums, presiding judge of the 247th
District Court of Harris County, to grant his motion to vacate and/or set aside
default judgment and protective order or, alternatively, to rule on that
motion.  Relator also requests that we compel the Honorable Robert Hinojosa,
presiding judge of the 312th District Court of Harris County, to grant his
motion to vacate and/or set aside default judgment and protective order or,
alternatively, to rule on that motion.  

            As
an initial matter, relator’s petition does not comply with the Texas Rules of
Appellate Procedure.  See Tex. R. App. P. 52.7(a)(1).  Notwithstanding
this deficiency, relator has not established that he is entitled to mandamus
relief.  

            When
a properly filed motion is filed and pending before the trial court, the act of
giving consideration to and ruling on that motion is a ministerial act, and
mandamus may issue to compel the trial court to act.  Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig.
proceeding).  To establish that the trial court abused its discretion by
failing to rule, the relator must show that the trial court:  (1) had a legal
duty to perform a nondiscretionary act; (2) was asked to perform that act; and
(3) failed or refused to do so.  In re Shredder Co., L.L.C., 225 S.W.3d
676, 679 (Tex. App.—El Paso 2006, orig. proceeding).  However, while we have
jurisdiction to direct the trial court to rule on a motion, we may not instruct
the trial court on how to rule.  In re Ramirez, 994 S.W.2d 682, 684
(Tex. App.—San Antonio 1998, orig. proceeding).  

            Relator has not provided a sufficient record in this original
proceeding.  He has not attached file-stamped copies of the purportedly pending
motions to his petition and, therefore, has not demonstrated that he filed the
subject motions with either the 312th or 247th District Court.  Relator claims
he requested that the trial courts rule on his pending motions, but, again, he
has not provided file-stamped copies of those motions requesting that the trial
court rule on his motions.  Therefore, relator has not established that the
312th and 247th District Courts abused any discretion by failing to rule on any
motions filed in those courts.  See In re Shredder Co., L.L.C., 225
S.W.3d at 679.  Moreover, we cannot direct either the 312th or the 247th
District Court to grant his pending motions.  See In re Ramirez, 994
S.W.2d at 684. 

            Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus. 

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Boyce.