Petition for Writ of Mandamus
Denied and Memorandum Opinion filed August 23, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00604-CV

____________

 

IN RE SOUTHERN INSURANCE COMPANY, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

434th District Court

Fort Bend County, Texas

Trial Court Cause No. 10-DCV-186511

 

 

 



M E M O R
A N D U M   O P I N I O N

            On July 14, 2011, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  Relator complains that respondent, the Honorable James
Shoemake, presiding judge of the 434th District Court of Fort Bend County, abused
his discretion in failing to grant relator’s Motion to Compel Appraisal and
Abate.  Real parties in interest, Jorge and Blanco Barrios, filed a response.

Mandamus will not lie absent a ruling by the trial court that
is being challenged.  See Axelson, Inc. v. McIlhany, 798 S.W.2d
550, 556 (Tex. 1990) (for mandamus to lie, the respondent “must have explicitly
denied motions intended to compel the deposition . . . .”); and In re
Baldridge, No. 14-06-00647-CV, 2006 WL 2167239 (Tex. App.—Houston [14th
Dist.] 2006, orig. proceeding) (denying mandamus because relators failed to
provide court of appeals a written order, citing Tex. R. App. P. 52.3(j)(A) and
In re Bledsoe, 41 S.W.3d 807, 811 (Tex.App.—Fort Worth 2001, orig.
proceeding) (concluding that mandamus relief may be based on oral ruling only
if the ruling is a “clear, specific, and enforceable order that is adequately
shown by the record”)).

The record contains neither a written order nor an oral
ruling denying relator’s Motion to Compel Appraisal and Abate.  Relator cites In
re Shredder Co., L.L.C., 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, no
pet.), for its holding the trial court abused its discretion by delaying ruling
on a motion to compel arbitration.  The Shredder court, however,
conditionally granted writ to issue “only if the trial court fails to rule
on the motion to compel arbitration.”  Id. at 680 (emphasis
added).  The court expressly offered no opinion on the merits of the
motion.  Id.  Relator does not ask us to compel the trial
court to rule.  

            Relator has failed to establish it is entitled to mandamus
relief.  Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Justices Anderson, Brown, and Christopher.