**GRANT; and Opinion Filed August 21, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00987-CV

### IN RE STAFF CARE, INC., Relator

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-03615**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Lang-Miers

Relator filed this petition for writ of mandamus after the trial judge denied its motion for continuance and stated he would not rule on relator's pending motions to compel and appeal of the associate judge's decision on a motion to strike prior to trial. In order to obtain mandamus relief, relator must show both that the trial judge has abused his discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relator has met this burden.

Relator filed suit against real parties in interest, former employees of relator, for, *inter alia*, breach of contract, breach of fiduciary duty, theft of trade secrets, tortious interference with contract and tortious interference with prospective business relationships. In September 2012, relator filed a motion to compel discovery, for which a hearing was held on November 2, 2012. The trial court declined to rule on the motion at that time. Over the next several months, relator

filed additional motions to compel discovery and motions to compel depositions, and set hearings for those motions in May 2013 and July 2013. The hearings were canceled by the trial court. Finally, an associate judge heard and granted real parties in interest's motion to strike, and relator timely appealed that ruling to the trial court. On July 12, 2013, the trial court denied relator's motion to continue the July 22, 2013 trial date without ruling on any of the outstanding motions or the appeal. Relator was informed by the court that no hearing dates were available for any of these matters prior to trial.

A trial court has a duty to conduct hearings and render decisions on motions that are properly filed and brought to the court's attention, and a failure to do so is an abuse of discretion. *See Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding). In this case, relator timely filed several motions and sought hearings from the trial court. Despite relator's requests for rulings on the motions, the court failed to hold hearings on the motions prior to trial and, when a hearing was held, failed to rule. Similarly, the court failed to set a hearing on the appeal of the associate judge's ruling prior to the date of trial. Because the trial court had a legal duty to perform the nondiscretionary act of ruling on the motions, was asked to rule on the motions, and failed to do so, mandamus will issue. *See In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). However, "[a]lthough we have jurisdiction to direct the trial court to exercise its discretion in some manner, under no circumstances may we tell the trial court what its decision should be." *Id.* We therefore express no opinion on the merits of any of relator's motions or its appeal of the associate judge's order.

We conditionally grant relator's petition for writ of mandamus. A writ will issue only in the event the trial court fails to render an order: 1) resolving all of the parties' motions to compel that were pending as of July 18, 2013; 2) ruling on relator's appeal of the Associate Judge's

–2–

Order granting Defendants' Motion to Strike, and 3) setting a date for trial not less than thirty days from the date of the last of the orders resolving these motions.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

130987F.P05