**Affirmed and Opinion Filed March 13, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01683-CV

### STEVEN CREAR SR., Appellant
### V.
### U.S. BANK NATIONAL ASSOCIATION, Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-02460-A**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Bridges

This case originated as a forcible detainer suit filed by appellee U.S. Bank National Association ("U.S. Bank") and was eventually dismissed for want of prosecution. On appeal, appellant Steven Crear, Sr. argues (1) the justice of the peace court and county court lacked subject matter jurisdiction once he filed his notice of removal to federal court; (2) the county court erred by failing to address his pending writ of mandamus; and (3) the county court abused its discretion by failing to give him notice of a visiting judge. We affirm.[1]

### Background

On April 8, 2013, U.S. Bank filed a forcible detainer suit to evict Crear from his home in Dallas, Texas. Crear asserts he filed a Notice of Removal in the District of Columbia on April

---

[1] Crear appears pro se, and U.S. Bank did not file a response brief.

18, 2013 and then filed his Notice of Notice of Removal in the justice of the peace court as required under 28 U.S.C. § 1446(d). *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). According to Crear, the justice of the peace refused to transfer the case to federal court, conducted the forcible detainer hearing, and ruled in favor of U.S. Bank on April 23, 2013.

Crear then filed a petition for writ of mandamus in County Court at Law No. 1 asking the court to direct the justice of the peace to withdraw the order because the court acted without jurisdiction once he removed the case to federal court. The trial court did not conduct a hearing on this motion and did not rule on it.

On October 25, 2013, a dismissal hearing was scheduled for 9 a.m. before Judge Benson. The order dismissing the case for want of prosecution was signed by Judge Raggio, as visiting judge for County Court at Law No. 1, on October 29, 2013. Crear timely filed his notice of appeal challenging the October 29, 2013 order.

### Discussion

In his first issue, Crear argues the justice of the peace lacked jurisdiction to enter an order in favor of U.S. Bank because once he filed his notice of removal to federal court, the court's jurisdiction was abated and the federal court obtained exclusive jurisdiction pending its review of the removal. *See Brentwood Fin. Corp. v. Lamprecht,* 736 S.W.3d 836, 844 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.).

Although Crear correctly argues the procedure and law for removal of a state case to federal court, the record does not support his argument. After filing a notice of removal of a civil action to federal court, the defendant must give written notice to all adverse parties and must file

a copy of the notice with the clerk of the state court. 28 U.S.C. § 1446(d). The record before us contains an unsigned document titled "Defendant Steven Crear Bey, Sr's Notice of Removal" and is captioned to the United States District Court for the District of Columbia. The document is not filed-stamped by the federal court. As required by § 1446(d), Crear filed his Notice of Filing Notice of Removal on April 18, 2013, but he did not attach a filed copy of the removal notice itself. The Notice of Filing Notice of Removal states the following:

> PLEASE TAKE NOTICE that Defendant Steven Crear, Sr. filed a Notice of Removal in the Office of the Clerk of the United States for the District of Columbia. A copy of the Notice of Removal is attached as Exhibit "A."

However, no Exhibit "A" is attached to this document in the Clerk's Record. Accordingly, the record does not support Crear's argument that he removed his case to federal court. As such, the justice of the peace continued to have jurisdiction over the forcible detainer action and acted within its authority to enter an order in favor of U.S. Bank. Crear's first issue is overruled.

In his second issue, Crear argues the county court abused its discretion by failing to rule on his pending mandamus petition. His petition was set for hearing on July 12, 2013 but according to Crear, no hearing was conducted.

A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time. *In re Shredder Co*., *L.L.C*., 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). The record does not indicate Crear made repeated requests for a ruling on his motion. *See id*. (noting party made repeated requests for a ruling on its motion and court conducted several hearings in which it failed to rule on the motion). Further, nothing indicates the court refused to rule on his motion. Accordingly, the trial court did not abuse its discretion by failing to rule on his mandamus petition.

However, even if we concluded the trial court abused its discretion in failing to rule on the mandamus, remand to the trial court is unnecessary. Crear's entire argument in his petition

centers on his contention that he removed his case to federal court; therefore, the justice of the peace did not have jurisdiction to enter its forcible detainer order. We have previously overruled this argument. Accordingly, we overrule Crear's second issue.

In his third issue, Crear argues the trial court abused its discretion by failing to give him notice that a visiting judge would dispense of his case. He further claims Judge Raggio, the visiting judge who signed the October 29, 2013 dismissal order, was biased and prejudiced against him and had "no business ruling on any litigation" involving him.

We begin with Crear's notice argument. Texas Government Code section 74.053(a)(2) provides that when a judge is assigned to a trial court, the presiding judge "shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case to be heard in whole or in part by the assigned judge." TEX. GOV'T CODE ANN. § 74.053(a)(2) (West 2013).

The dismissal order states it "Came to be heard October 25, 2013 . . .," and the docket sheet indicates the dismissal hearing was scheduled before Judge Benson at 9 a.m. on that day. Crear has not presented any evidence to the contrary; therefore, the record does not support his argument that Judge Raggio "heard in whole or in part" any part of his case. Rather, the record indicates Judge Raggio merely performed the ministerial act of signing the order after the hearing. *See, e.g., Turner v. Turner*, No. 11-10-00192-CV, 2012 WL 3115155, at *4 (Tex. App.—Eastland July 31, 2012, pet. denied) (mem. op.) (when case had already been heard by the presiding judge, the visiting judge only performed a ministerial act of entering judgment and notice was not required under section 74.053). Therefore, the presiding judge was not required to send notice of the assignment as the assigned judge did not hear any portion of the case. *Id*.

We now turn to Crear's argument that Judge Raggio's bias and prejudice against him required her disqualification. Article V, section 11 of the Texas Constitution provides that "no

judge shall sit in any case wherein [s]he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when [s]he shall have been counsel in the case." TEX. CONST. art. V, § 11.

Crear argues Judge Raggio "had no business ruling on any litigation involving Appellant" because he moved to disqualify her in a prior case, and he has a pending case against her in federal court. First, Crear provides no record citations to support his statements that Judge Raggio was biased or prejudiced against him because of a prior case involving her or a pending case against her in federal court. *See* TEX. R. APP. P. 38.1(i) (appellant's brief must contain appropriate citations to the record). He simply has made unsupported allegations. Thus, the record does not support his argument Judge Raggio signed the dismissal order because of any bias or prejudice against him. Moreover, Crear has not established Judge Raggio was interested in his case, connected to him by affinity or consanguinity, or had been counsel in the case. *See* TEX. CONST. art. V, § 11. As such, Crear's argument is without merit. We overrule his third issue.

## Conclusion

The judgment of the trial court is affirmed.


131683F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STEVEN CREAR SR., Appellant

No. 05-13-01683-CV          V.

U.S. BANK NATIONAL ASSOCIATION,
Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-13-02460-A.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee U.S. BANK NATIONAL ASSOCIATION recover its
costs of this appeal from appellant STEVEN CREAR SR.

Judgment entered March 13, 2015.