82,887-03,02,01

March 13, 2015

Abel Acosta, Clerk
Court of Criminal Appeals
Supreme Court Building
P.O. Box 12308, Capital Station
Austin, TX 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 19 2015

Abel Acosta, Clerk

      Re: Motion For Rehearing
         Ex parte Hansley
         WR-82,887-03

Dear Clerk:

    Please find enclosed for filing the original and one un-bound copy of my pro se MOTION FOR REHEARING/REINSTATEMENT FROM THE DISMISSAL OF APPLICATION FOR WRIT OF HABEAS CORPUS.

    Please indicate the date of filing on the enclosed copy of this cover letter and return the same to me in the postage paid envelope provided for your use.

Respectfully,

Michael Hansley

Michael S. Hansley
Clements Unit - 1815497
9601 Spur 591
Amarillo, TX 79107-9606

cc.
file
encls.

March 13, 2015

Abel Acosta, Clerk
Court of Criminal Appeals
Supreme Court Building
P.O. Box 12308, Capital Station
Austin, TX 78711

> Re: Motion For Rehearing
> Ex parte Hansley
> WR-82,887-03

Dear Clerk:

Please find enclosed for filing the original and one un-bound copy of my pro se MOTION FOR REHEARING/REINSTATEMENT FROM THE DISMISSAL OF APPLICATION FOR WRIT OF HABEAS CORPUS.

Please indicate the date of filing on the enclosed copy of this cover letter and return the same to me in the postage paid envelope provided for your use.

Respectfully,


Michael S. Hansley
Clements Unit - 1815497
9601 Spur 591
Amarillo, TX 79107-9606

cc.
file
encls.

NO: WR-82,887-03

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

MICHAEL SHAYNE HANSLEY,

Petitioner,

v.

THE STATE OF TEXAS,

Respondent.

MOTION DENIED
DATE: 3-25-15
BY: P.C.

---

## MOTION FOR REHEARING/REINSTATEMENT FROM THE
## DISMISSAL OF APPLICATION FOR WRIT OF HABEAS CORPUS

---

Petitioner/Applicant, Michael Shayne Hansley, submits this motion for rehearing/reinstatement asking the Texas Court of Criminal Appeals to reconsider its dismissal of the pro se application for writ of habeas corpus and with respect thereto, will show the following:

### A. INTRODUCTION

1. Applicant filed his pro se application for writ of habeas corpus seeking relief from the judgment in the 212Th Judicial District Court of Galveston County, Texas in cause numbers 11-CR-1177, 11-CR-1178, and 11-CR-1179.

2. On February 10, 2015, the trial court entered an order with a general denial of all relief sought and the same was

Page 1.

forwarded to this court on or about the 13th day of February, 2015.

3. On March 4, 2015 this Court dismissed without written order the application for writ of habeas corpus for a rule 73.1 Texas Rules of Appellate Procedure procedural violation for exceeding the 50-page limit of a non-computer generated memorandum of law in support of the application.

## B. ARGUMENT & AUTHORITIES

4. The Court of Criminal Appeals should grant a rehearing and reinstate the application for writ of habeas corpus for an adequate review of the unconstitutional claims presented therein.

5. Dismissal of the application for writ of habeas corpus for non-compliance with rule 73.1 of the Texas Rules of Appellate Procedure (TRAP) is not the appropriate method in accordance with handling a pro se application when the trial court refused to rule on the pro se filed Motion To Exceed the Page Limit as indicated by the transcript presented to this Court.. The Applicant cannot force the trial court to rule on filed motions before it. The trial court does not have the discretion to refuse to rule. In re Shredder Co., 225 S.W.3d 676, 679 (Tex.App.-El paso 2006, orig. proceeding.).

6. Applicant complied with all requirements by filing the appropriate motions with the convicting court. Rule 73.1(d). The trial court refused to rule and prevented Applicant from correcting the page limit requirement prior to the clerk filing the same with this Court.

7. In the two filed Motions requesting to exceed the page limits (See trnscript pgs. 386, 393) and established "good cause" to excced the page limit. However, the court refused to rule on any filings. Id. <u>Shredder</u>.

8. A total miscarriage of justice is established in the unconstitutional conviction of applicant which is clearly presented in the application. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Murray v. Carrier</u>, 477 U.S. 478 (1986). The trial court has refused to correct a clear error of law and process and the same has been presented to this Court of which Applicant is respectfully requesting to be reinstated and ruling on the merits be given.

## C. PRAYER.

9. Wherefore, for these reasons stated in this motion, Applicant respectfully asks the Court of Criminal Appeals to grant this motion and reinstate the Application for writ of habeas corpus and issue a ruling on the merits.

Respectfully submitted,

Michael S. Hansley,
Clements Unit-1815497
9601 Spur 591
Amarillo, TX 79107-9606
Pro se
March 13, 2015

Page 3.

## VERIFICATION

My name is Michael S. Hansley and I have read the above motion for rehearing/reinstatement. Pursuant to Rule 79 of the Texas Rules of Appellate Procedure the court has not denied the Application For Writ of Habeas Corpus under 79.2(d) and a rehearing is appropriate. All stated facts therein are true and correct and this motion is filed within the 15-day alowance for filing by placing the same in the Bill Clements Unit prison mail system on this 13th day of March 2015.

## CERTIFICATE OF SERVICE

Service was accomplished by placing a true and exact copy of this instrument in the Bill Clements unit prison mail system, postage paid on this 13th day of March, 2015, addressed to:

Rebecca Klaren
Assistant District Attorney
600 59th Street, Suite 1001
Galveston, TX 77551

Michael Shayne Hansley
Clements Unit-1815497
9601 Spur 591
Amarillo, TX 79107-9606
Pro se

NO: WR-82,887-03

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

MICHAEL SHAYNE HANSLEY,

Petitioner,

v.

THE STATE OF TEXAS,

Respondent.

---

## MOTION FOR REHEARING/REINSTATEMENT FROM THE DISMISSAL OF APPLICATION FOR WRIT OF HABEAS CORPUS

---

Petitioner/Applicant, Michael Shayne Hansley, submits this motion for rehearing/reinstatement asking the Texas Court of Criminal Appeals to reconsider its dismissal of the pro se application for writ of habeas corpus and with respeett thereto, will show the following:

### A. INTRODUCTION

1. Applicant filed his pro se application for writ of habeas corpus seeking relief from the judgment in the 212Th Judicial District Connt of Galveston County, Texas in cause numbers 11-CR-1177, 11-CR-1178, and 11-CR-1179.

2. On February 10, 2015, the trial court entered an order with a general denial of all relief sought and the same was

Page 1.

forwarded to this court on or about the 13th day of February, 2015.

3. On March 4, 2015 this Court dismissed without written order the application for writ of habeas corpus for a rule 73.1 Texas Rules of Appellate Procedure procedural violation for exceeding the 50-page limit of a non-computer generated memorandum of law in support of the application.

## B. ARGUMENT & AUTHORITIES

4. The Court of Criminal Appeals should grant a rehearing and reinstate the application for writ of habeas corpus for an adequate review of the unconstitutional claims presented therein.

5. Dismissal of the application for writ of habeas corpus for non-compliance with rule 73.1 of the Texas Rules of Appellate Procedure (TRAP) is not the appropriate method in accordance with handling a pro se application when the trial court refused to rule on the pro se filed Motion To Exceed the Page Limit as indicated by the transcript presented to this Court.. The Applicant cannot force the trial court to rule on fied motions before it. The trial court does not have the discretion to refuse to rule. In re Shredder Co., 225 S.W.3d 676, 679 (Tex.App.-El paso 2006, orig. proceeding.).

6. Applicant complied with all requirements by filing the appropriate motions withthe convicting court. Rule 73.1(d). The trial court refused to rule and prevented Applicant from correcting the page limit requirement prior to the clerk filing the same with this Court.

7. In the two filed Motions requesting to exceed the page limits (See trnscript pgs. 386, 393) and established "good cause" to excced the page limit. However, the court refused to rule on any filings. Id. Shredder.

8. A total miscarriage of justice is established in the unconstitutional conviction of applicant which is clearly presented in the application. Coleman v. Thompson, 501 U.S. 722 (1991); Murray v. Carrier, 477 U.S. 478 (1986). The trial court has refused to correct a clear error of law and process and the same has been presented to this Court of which Applicant is respectfully requesting to be reinstated and ruling on the merits be given.

## C. PRAYER.

9. Wherefore, for these reasons stated in this motion, Applicant respectfully asks the Court of Criminal Appeals to grant this motion and reinstate the Application for writ of habeas corpus and issue a ruling on the merits.

Respectfully submitted,

Michaﾚ S. Hansley,
Clements Unit-1815497
9601 Spur 591
Amarillo, TX 79107-9606
Pro se
March 13, 2015

## VERIFICATION

My name is Michael S. Hansley and I have read the above motion for rehearing/reinstatement. Pursuant to Rule 79 of the Texas Rules of Appellate Procedure the court has not denied the Application For Writ of Habeas Corpus under 79.2(d) and a rehearing is appropriate. All stated facts therein are true and correct and this motion is filed within the 15-day alowance for filing by placing the same in the Bill Clements Unit prison mail system on this 13th day of March 2015.

## CERTIFICATE OF SERVICE

Service was accomplished by placing a true and exact copy of this instrument in the Bill Clements unit prison mail system, postage paid on this 13th day of March, 2015, addressed to:

Rebecca Klaren
Assistant District Attorney
600 59th Street, Suite 1001
Galveston, TX 77551

Michael Shayne Hansley
Clements Unit-1815497
9601 Spur 591
Amarillo, TX 79107-9606
Pro se