**Affirmed and Opinion Filed May 24, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-01296-CV

## IN THE INTEREST OF G.L.J. AND G.M.J., CHILDREN

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-21-16025-S**

## MEMORANDUM OPINION
Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Goldstein

Mother appeals the trial court's order terminating her parental rights. In three issues, Mother asserts that the trial court lacked jurisdiction to enter the order of termination.[1] We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.2(a).

## BACKGROUND

Twins G.L.J. and G.M.J. were born to Mother in October 2019. In March 2021, the Texas Department of Family and Protective Services (Department)

---

[1] Mother solely challenged jurisdiction and raises no issue associated with the bases of termination, § 161.001(b)(1)(D), (E), and (O) of the Texas Family Code, in the memorandum ruling rendered on November 15, 2023, amended on November 21, 2023 and the order of termination entered November 30, 2023. The unchallenged predicate findings with respect to the termination of Mother's parental rights are binding. *In re E.C.*, No. 05-23-00586-CV, 2023 WL 8733027, at *8 (Tex. App.—Dallas Dec. 19, 2023, no pet.) (mem. op.). We therefore do not address the grounds for termination.

received an allegation of neglectful supervision by Mother's then live-in boyfriend. In their subsequent investigation, case workers from the Department made contact with a man, T.D.H., who claimed to be the children's father.

On September 28, 2021, the Office of the Attorney General filed a petition to establish the parent-child relationship between T.D.H. and the children. Two months later, on December 8, the Department filed its original petition for protection of a child, for conservatorship, and for termination. The same day, an associate judge entered (1) a temporary order appointing the Department as temporary managing conservator of the children and (2) an order naming the Dallas Court Appointed Special Advocate (CASA) as special advocate for the children.

On December 21, 2021, the associate judge entered an order directing T.D.H. to undergo DNA testing to determine paternity. The results of the DNA test ultimately ruled out T.D.H. as the children's father. On June 10, 2022, the Department amended its petition, this time alleging that the children's father was E.D.L. or alternatively, an "unknown" man.

The trial court scheduled trial for November 29, 2022, with a dismissal date of December 12, 2022. After the November 29 trial, the trial court entered a memorandum ruling final trial (November 2022 Order) terminating the "alleged/unknown" father's parental rights. The trial court denied the termination of Mother's parental rights "at this time" and ordered a monitored return of the children

–2–

to Mother "until March 27, 2023 with the goal of her completing services and finding stable housing." The children were returned to Mother on November 29, 2022.

On January 17, 2023, a representative from CASA filed a report with the trial court including the following allegations:

> Per the [trial court's] Order of November 29, 2022, the children were removed from daycare and returned to [Mother] by 5:00 p.m. that day. [Mother] met her children at her [m]other's house (children's maternal grandmother), which [Mother] had represented to the [trial court] during her testimony that this is where she and the children would be living during the monitored return until she could find stable housing. However, the next morning, November 30th [Mother] and children left with all of their belongings and have since been relocating and living in several places, including hotels and homeless shelters. In nearly every instance, if not every instance, [Mother], contrary to her instructions, has not let the [Department] caseworker immediately know of her whereabouts so that [the Department] can effectively monitor the return. Until [Mother]'s and children's disappearance on December 23, 2022, caseworker had to initiate several calls and leave messages until she heard back from [Mother]. Each time she has heard back from [Mother], [Mother] and children are in a different location.
>
> On December 7, 2022, CASA called [Mother] to schedule an appointment to visit the children, but [Mother] denied CASA a visit and access to the children.
>
> To the best of CASA's knowledge, from December 16th to on or about December 23rd, [the Department] caseworker did not know the whereabouts of [Mother] and children. Numerous calls to [Mother] went unreturned. On December 23rd, upon receiving a call from [Mother], the caseworker visited [Mother] and children in a hotel room and assessed that the children were not in a safe environment and/or being neglected. The caseworker determined that removal of the children was in order. Suspecting such, [T.D.H.] drove to the premises and relocated her and the children to an unknown location prior to the Dallas Police Department's arrival to remove children. Since December 23,

–3–

2022, neither [the Department] nor CASA has known the whereabouts of [Mother] and children, and [the Department] has assigned Special investigators to locate them.

To the best of CASA's knowledge, [Mother] has not initiated any of her court-ordered services since the November 29th trial, including submission to a drug test, or looked for stable housing. CASA has not been able to visit or see the children, except through digital pictures provided by CPS, since November 29, 2022.

The Department, on January 20, filed a motion to modify temporary orders and request for emergency removal, which the associate judge granted as an ex parte order for emergency care and temporary custody that same date, setting a hearing for February 1, 2023.[2]

On February 22, 2023, the associate judge held a hearing on the temporary orders and, on February 27, issued a Chapter 263 permanency hearing order, which noted that the children were removed from Mother on January 20, 2023, during monitored return, and pursuant to 263.403(c) set the new dismissal date for July 19, 2023, with the permanency hearing reset to March 29. On March 29, 2023, the associate judge held a pretrial conference, issued a pretrial order and set the final trial for June 27, 2023.

Trial commenced on June 27, 2023, and Mother failed to appear. In Mother's absence, the Department and counsel for Mother agreed to attend mediation. The trial court suspended testimony and set the trial to recommence on September 28,

---

[2] The docket sheet from the trial court lists a February 1, 2023 "CPS Hearing" but the transcript of the hearing is not in our record.

2023. The day before that setting, the associate judge entered an order resetting hearing finding that trial commenced on June 27, 2023, and that testimony was suspended. The trial court further found that the trial was scheduled to resume September 28, 2023, and that "pursuant to TFC 263.4011 good cause exists to extend the 90 day period for rendering the final order" as "the Court is unavailable" for the trial date, extended the case, and continued trial to November 14, 2023. Trial recommenced on November 14, and the trial court heard testimony from Mother, Mother's psychologist, a Department case worker, and a CASA representative. Following trial, the trial court entered an order terminating Mother's parental rights. This appeal followed.

## DISCUSSION

Mother asserts that the trial court lacked jurisdiction to enter the termination order. Mother argues that the trial court had no jurisdiction after December 12, 2022; specifically averring:

> **Issue No. 1:**
>
> Because no court order was entered after the November 29, 2022 ruling, no order altered the dismissal date, and the court lost jurisdiction with the initial dismissal date of December 12, 2022 pursuant to Texas Family Code Section 263.401.
>
> **Issue No. 2:**
>
> The court lost jurisdiction prior to the November 14, 2023 hearing pursuant to Texas Family Code Section 263.4011.
>
> **Issue No. 3:**

The court lost jurisdiction prior to the November 14, 2023 hearing pursuant to Texas Family Code Section 263.403(b)(2).

The Department responds that the trial court's November 2022 Order is governed by Section 263.403 of the Family Code and the trial court's failure to include a new dismissal date in the order is not jurisdictional. The Department argues that as a non-jurisdictional issue, Mother was required to raise her issues in the trial court and, having failed to do so, waived them for appeal.

## I.   STANDARDS OF REVIEW

We review de novo issues implicating a trial court's jurisdiction. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). Appellate courts have jurisdiction to determine whether an order or judgment underlying the appeal is void and to make appropriate orders based on that determination. *In re P.Z.F.*, 651 S.W.3d 147, 150 (Tex. App.—Dallas 2021, pet. denied) (citing *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020)). A judgment is void when it is apparent that the court rendering judgment lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the particular judgment, or had no capacity to act. *Id.* (citing *Freedom Commc'ns., Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam)).

Generally, as "a prerequisite to presenting a complaint for appellate review, the record must show that ... the complaint was made to the trial court by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1)(A). "A limited exception to our procedural preservation rules is the fundamental-error doctrine." *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). Fundamental error occurs when, for example, the

trial court lacked subject-matter jurisdiction over the case. *See id.* Accordingly, "subject-matter jurisdiction can be raised for the first time on appeal." *Henry v. Cox*, 520 S.W.3d 28, 35 (Tex. 2017).

## II.     ANALYSIS

### A.     Section 263.401

In her first issue, Mother argues that in order for the trial court to have retained jurisdiction past December 12, 2022, it was required to enter, prior to that date, an order that included a new dismissal date pursuant to Section 263.401 of the Family Code. Specifically, Mother contends that the November 2022 Order, the trial court's "rendering" after "final trial on the merits" was never a final order; therefore, as no new dismissal date was entered, the December 12, 2022, dismissal date was not altered and the trial court lost jurisdiction. The Department responds that Mother waived this issue for appeal. We agree with the Department.

Section 263.401 of the Family Code provides, in pertinent part:

(a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

(b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described

by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

    (1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

    (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

    (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE ANN. § 263.401(a)–(b).

The supreme court has considered when a trial court's failure to adhere to the requirements of Section 263.401 is jurisdictional. *In re G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021). Automatic dismissal is statutorily mandated, and jurisdiction terminated, "if the trial court neither commences trial by the dismissal date nor extends it in accordance with section 263.401(b)." *Id.* at 292. In *G.X.H.* the supreme court addressed the continuance of a trial setting and extension of the dismissal date as reflected in a docket entry, holding that the docket-sheet entry extending the trial date to October 17, 2018, was sufficient to avoid automatic dismissal under Section 263.401(b). *See id.* at 297. The court found that "because section 263.401(a) never

–8–

divested the trial court of jurisdiction" the docket entry extension "allowed the trial court to retain jurisdiction . . . throughout the time it took to complete the trial and enter the Final Decree," and the "Final Decree is not void." *Id.* at 298. The court concluded that "while a trial court's failure to timely extend the automatic dismissal date before that date passes—through a docket-sheet notation or otherwise—is jurisdictional, claimed defects relating to the other requirements of 263.401(b) are not." *Id.* at 301. Complaints regarding the trial court's compliance with the requirements in subsection (b)," such as objections to the continuance or extensions, or the lack of section 263.401(b) findings, "must be preserved for appellate review." *Id.* at 298–301.

In this case, Mother does not contest that the trial court commenced the trial prior to the initial dismissal date. Mother argues that the failure to render a final order necessitated a new dismissal date be entered.[3] Mother fails to address the timely commenced trial or the impact on the proceedings of the ordered monitored return. Mother did not object to the monitored return, the form of the order, or the lack of finality. The trial court's November 2022 Order states:

> The Court DENIES termination of the Mother's Parental Rights at this time. The Court Orders a monitored return to the Mother until March 27, 2023 with the goal of her completing services and finding stable housing. The Court Orders the case into extension. The Case will be on a report back at 9:00 a.m. on March 27, 2023.

---

[3] Mother argues both that the trial court "never set a new dismissal date" prior to the December 12, 2022, initial dismissal date and that the initial dismissal date was "never altered."

Like the language in the docket-entry order in *G.X.H.*, we conclude that this language was sufficient to retain the case on the trial court's docket and avoid automatic dismissal. *See id.* at 297. The trial court's failure to include a dismissal date in a Section 263.401 order does not create a jurisdictional issue. *See In re P.Z.F.*, 651 S.W.3d at 153.

In order to preserve her issue regarding the trial court's failure to include a dismissal date in its November 2022 Order, Mother was required to raise it in the trial court "by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1)(A); *see In re G.X.H.*, 627 S.W.3d at 301; *In re B.L.D.*, 113 S.W.3d at 350. Mother did not do so, and as a result the complaint is waived for appeal.

We overrule Mother's first issue.

**B.    Section 263.4011**

In her second issue, Mother argues that because trial commenced on November 29, 2022, the trial court was required to enter a final order within ninety days pursuant to Section 263.4011 of the Family Code, therefore, we discern Mother to argue that the trial court lacked jurisdiction to enter the final order of termination over a year later on November 30, 2023. The Department again argues that Mother waived this issue for appeal. We agree with the Department.

Section 263.4011 of the Family Code provides, in full:

> (a) On timely commencement of the trial on the merits under Section 263.401, the court shall render a final order not later than the 90th day after the date the trial commences.

(b) The 90-day period for rendering a final order under Subsection (a) is not tolled for any recess during the trial.

(c) The court may extend the 90-day period under Subsection (a) for the period the court determines necessary if, after a hearing, the court finds good cause for the extension. If the court grants a good cause extension under this subsection, the court shall render a written order specifying:

(1) the grounds on which the extension is granted; and

(2) the length of the extension.

(d) A party may file a mandamus proceeding if the court fails to render a final order within the time required by this section.

TEX. FAM. CODE ANN. § 263.4011.

We conclude that the requirement to enter an order within ninety days of trial is not jurisdictional. In construing statutes, we "presume that statutory requirements are not jurisdictional absent 'clear contrary legislative intent.'" *In re J.S.*, 670 S.W.3d at 603. Section 263.4011 lacks any language indicating a legislative intent to impose a limit on the trial court's jurisdiction.

Indeed, the text of the statute reveals the opposite. Under subsection (d), a party may initiate a "mandamus proceeding" to challenge the trial court's failure to issue an order within the time prescribed by subsection (a). The phrase "mandamus proceeding" is a technical phrase, the definition of which we presume the Legislature knew when it enacted Section 463.4011. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) ("In construing statutes, . . . [w]e use definitions prescribed by the Legislature and any technical or particular meaning the words have acquired.") (citing TEX. GOV'T CODE ANN. § 311.011(b)). A "mandamus

–11–

proceeding" is an original proceeding instituted in an appellate court to correct a trial court's clear abuse of discretion for which the petitioner has no adequate appellate remedy. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *see also* TEX. R. APP. P. 52.1–.11. Mandamus relief is available, for example, to compel a trial court to rule on a motion that has been pending before the court for a reasonable period of time. *See In re Kam*, No. 05-19-01462-CV, 2020 WL 1815830, at *1 (Tex. App.—Dallas Apr. 10, 2020, orig. proceeding) (mem. op.) (citing *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding)).

By authorizing parties to "file a mandamus proceeding" in subsection (d), the Legislature contemplated that a court of appeals may enter an order directing the trial court to issue the final order that the trial court failed to enter within the time limit prescribed by subsection (a). *See* TEX. FAM. CODE ANN. § 463.4011(d). It would make no sense for an appellate court to compel a trial court to enter an order that the trial court has no jurisdiction to enter. *Cf. KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183 (Tex. 2019) (courts must avoid construing statutes that lead to nonsensical or absurd results). Thus, the Legislature's inclusion of subsection (d) is clear evidence that it did not intend for the deadline in subsection (a) to be jurisdictional.

Because we conclude that the ninety-day period in Section 263.4011(a) is not jurisdictional, Mother was required to raise it in the trial court "by a timely request,

objection, or motion." TEX. R. APP. P. 33.1(a)(1)(A); *see In re B.L.D.*, 113 S.W.3d at 350. Mother did not do so, and as a result the issue is waived for appeal.

## C. Section 263.403

In her third issue, Mother contends that, to the extent the trial court's November 2022 Order can be construed as a monitored-return order under Section 263.403 of the Family Code, the trial court was required to include a new dismissal date under subsection (b)(2) of that statute. Mother argues that the trial court's failure to do so deprived it of jurisdiction to enter the termination order on November 30, 2023. The Department argues that Mother waived this issue for failing to raise it with the trial court. We agree with the Department.

Section 263.403 provides, in relevant part:

> (a) Notwithstanding Section 263.401, the court may retain jurisdiction and not dismiss the suit or render a final order as required by that section if the court renders a temporary order that:
>
>> (1) finds that retaining jurisdiction under this section is in the best interest of the child;
>>
>> (2) orders the department to:
>>
>>> (A) return the child to the child's parent; or
>>>
>>> (B) transition the child, according to a schedule determined by the department or court, from substitute care to the parent while the parent completes the remaining requirements imposed under a service plan and specified in the temporary order that are necessary for the child's return;

(3) orders the department to continue to serve as temporary managing conservator of the child; and

(4) orders the department to monitor the child's placement to ensure that the child is in a safe environment.

. . . .

(b) If the court renders an order under this section, the court shall:

(1) include in the order specific findings regarding the grounds for the order; and

(2) schedule a new date, not later than the 180th day after the date the temporary order is rendered, for dismissal of the suit unless a trial on the merits has commenced.

TEX. FAM. CODE ANN. § 263.403(a), (b). As with Section 263.401, courts have held that the requirement to include a dismissal date in a monitored-return order under Section 263.403 is not jurisdictional. *In re J.J.*, No. 07-20-00361-CV, 2021 WL 1741875, at *2 (Tex. App.—Amarillo Apr. 30, 2021, pet. denied) (mem. op.) ("[G]iven the absence of legislatively mandated consequences for the failure to specify a new dismissal date, we conclude that the trial court did not lose jurisdiction over the cause through noncompliance with § 263.403(b)."); *see also In re D.O.A.I.*, No. 11-16-00141-CV, 2016 WL 6998940, at *2 (Tex. App.—Eastland Nov. 30, 2016, no pet.) (mem. op.) (failure to include dismissal date in order pursuant to Section 263.403(c)[4] not jurisdictional). We agree with our sister courts and conclude

---

[4] Section 263.403(c) further provides:

> If before the dismissal of the suit or the commencement of the trial on the merits a child placed with a parent under this section must be moved from that home by the department

that a trial court failure to comply with Section 263.403(b) constitutes a non-jurisdictional error.

In order to preserve her issue regarding the trial court's failure to include a dismissal date in its monitored-return order pursuant to Section 263.403, Mother was required to raise the issue in the trial court "by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1)(A). Mother did not raise these issues in the trial court, and as a result they are waived for appeal. *See In re G.X.H.*, 627 S.W.3d at 301; *In re P.Z.F.* 651 S.W.3d at 153.

## CONCLUSION

We conclude the trial court had jurisdiction to enter its final order terminating Mother's parental rights. We overrule Mother's issues and affirm the trial court's order.

/Bonnie Lee Goldstein/
_____
BONNIE LEE GOLDSTEIN
231296F.P05                                    JUSTICE

---

or the court renders a temporary order terminating the transition order issued under Subsection (a)(2)(B), the court shall, at the time of the move or order, schedule a new date for dismissal of the suit. The new dismissal date may not be later than the original dismissal date established under Section 263.401 or the 180th day after the date the child is moved or the order is rendered under this subsection, whichever date is later.

TEX. FAM. CODE ANN. § 263.403(c). Here, the trial court cited this provision in its February 27, 2023 permanency hearing order, setting a dismissal date of July 19, 2023. Without substantive argument by either party regarding this provision, we do not address it further.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF G.L.J. AND
G.M.J., CHILDREN

No. 05-23-01296-CV

On Appeal from the 255th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-21-16025-
S.
Opinion delivered by Justice
Goldstein. Justices Carlyle and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

Judgment entered this 24th day of May 2024.