

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00024-CV

_____

IN RE VAN SHAW, Relator

---

Original Proceeding
236th District Court of Tarrant County, Texas
Trial Court No. 236-267402-13

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Relator Van Shaw has filed a petition for writ of mandamus to compel respondent the Honorable Thomas Lowe, Judge of the 236th District Court of Tarrant County, to rule on five pending motions that respondent heard in January, April, and December 2024 but on which he still has not signed a written order. We conditionally grant relief and direct respondent to sign, and produce to this court, written orders for all five motions.

## I. BACKGROUND

This original proceeding concerns several pretrial motions filed and heard in the trial court.

- On November 9, 2023, Shaw filed a "Motion to Dismiss the Hollmann's Claims for Want of Prosecution or Alternatively No Evidence Motion for Summary Judgment and Motion for Sanctions Pursuant to Tex. Civ. Prac. & Rem. Code § 10.001, et seq." Shaw supplemented the motion on December 15, 2023.

- On December 21, 2023, Shaw filed a "Motion for Summary Judgment on Claims for Declaratory Relief."

- On January 5, 2024, the trial court heard Shaw's "Motion to Dismiss the Hollmann's Claims for Want of Prosecution or Alternatively No Evidence Motion for Summary Judgment."

- On January 29, 2024, the trial court heard Shaw's Motion for Summary Judgment on Claims for Declaratory Relief. Shaw indicates that at this hearing he also requested that the trial court rule on the motions presented at the January 5 hearing.

- On March 12, 2024, Shaw filed a "Motion for Summary Judgment Regarding his Cross Claim Against Paul Kramer" and a "Plea to the

2

Jurisdiction." Also on March 12, Shaw filed a letter with the trial court requesting a ruling on the motions heard on January 5.

- On April 29, 2024, the trial court heard Shaw's "Motion for Summary Judgment Regarding his Cross Claims Against Paul Kramer" and his "Plea to the Jurisdiction."

- On August 20, 2024, Shaw filed a "Motion to Compel Plaintiff's Responses to Second Set of Interrogatories and Requests for Production."

- On December 12, 2024, during a hearing, counsel for the real parties in interest indicated that the trial court announced it would carry the matters previously heard to trial, and the trial court affirmed this statement. Shaw requested that if the trial court intended to deny the motions, it would sign a written order—the trial court indicated that if the plaintiff would provide the order, it would sign.[1]

- On December 30, 2024, Shaw filed a letter with the trial court acknowledging that the trial court "denied all of the motions at the hearing" and requested that signed orders be provided. It is unclear which of the previous motions—if any—he refers to.

- As of the date of this opinion, no signed orders have been provided to this court.

## II. APPLICABLE LAW

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding). Mandamus may issue to compel the trial court to act; a trial court has a

---

[1]Aside from the transcript from the December 12, 2024, hearing, this court has not been provided with a transcript of the hearings on the relevant motions.

ministerial duty to consider and rule on motions properly filed and pending before it. *In re Bensyl*, No. 03-24-00291-CV, 2024 WL 3048581, at *2 (Tex. App.—Austin June 19, 2024, orig. proceeding) (mem. op.); *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam). A trial court abuses its discretion when it fails to rule on a properly filed, pending motion within a reasonable amount of time. *In re M.B.*, No. 02-17-00237-CV, 2017 WL 3996430, at *1 (Tex. App.—Fort Worth Sept. 8, 2017, orig. proceeding) (mem. op.); *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). When a trial court refuses to rule, a relator has no adequate remedy at law. *M.B.*, 2017 WL 3996430, at *2; *cf. Bensyl*, 2024 WL 3048581, at *2 ("The failure of a trial court to perform a mandatory ministerial duty is subject to mandamus relief regardless of any showing of the lack of adequate remedy by appeal.").

When a trial court has ruled—either pronouncing its judgment or declaring the contents of its order—"the act of committing the judgment or order to writing and signing it is a ministerial act." *In re Pete*, 607 S.W.3d 481, 483 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). If "a trial court refuses to sign a written order memorializing a ruling and the existence of such a written order is a necessary pre-condition for a party to be able to exercise a right to appeal, the proper way to seek relief is through mandamus." *In re A.B.*, No. 12-22-00303-CV, 2022 WL 17685743, at *5 (Tex. App.—Tyler Dec. 14, 2022, orig. proceeding) (mem. op.) (citing *In re Blakeley*, No. 05-19-00104-CV, 2019 WL 494026, at *1 (Tex. App.—Dallas Feb. 8, 2019, orig.

4

proceeding) (mem. op.)); *see also* Tex. R. App. P. 33.1 (preservation of appellate complaints).

### III. DISCUSSION

Appellate courts have granted mandamus relief when trial courts have not ruled for anywhere from six to eleven months. *See, e.g.*, *In re Hicks Airfield Pilots Ass'n*, No. 02-24-00447-CV, 2024 WL 4591068, *1 (Tex. App.—Fort Worth Oct. 28, 2024, orig. proceeding) (mem. op.); *In re Avalon Care Group, LLC*, No. 02-23-00051-CV, 2023 WL 2430023, at *3 (Tex. App.—Fort Worth Mar. 9, 2023, orig. proceeding) (mem. op); *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding); *Shredder Co.*, 225 S.W.3d at 679. Despite the claims in Shaw's petition, Shaw's own record indicates that the trial court may have already ruled on "all the motions" subject to this proceeding. Regardless, if the trial court has ruled on all or any of the motions, no written orders have been provided. As the trial is set for February 3, 2025, and because the act of committing an order to writing and signing it is a ministerial duty of the trial court, we hold that respondent in this instance has had a reasonable amount of time to both rule on the motions and provide written orders of the rulings, and that mandamus relief is thus appropriate. *See Hicks*, 2024 WL 4591068, at *1; *ReadyOne Indus., Inc.*, 463 S.W.3d at 624; *Shredder Co.*, 225 S.W.3d at 679; *see also* *A.B.*, 2022 WL 17685743, at *5.

## IV. Conclusion

Respondent is ordered to produce to the court, written, signed orders on all five of Shaw's motions by Thursday, January 30, 2025, at noon. Because we are confident that respondent will comply with this directive, we will issue the writ only if respondent fails to do so.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  January 28, 2025

6