

# IN THE
# TENTH COURT OF APPEALS

No. 10-15-00135-CV

## IN RE CHRISTIANE KOLETZKO

**Original Proceeding**

## MEMORANDUM  OPINION

Relator Christiane Koletzko has filed a petition for writ of mandamus against Respondent, the Honorable Jim Chapman, Presiding Judge of the County Court at Law Number One of Ellis County.[1]  It vaguely alleges that Respondent has failed to perform "ministerial duties," has engaged in "impropriety" by failing to "comply with the law" and to act "in a manner that promotes public confidence in the integrity and impartiality of the judiciary," has "willfully neglected to preserve, protect, and defend

---

[1] The petition lacks proof of service.  A copy of all documents presented to the Court must be served *on all parties* (*i.e.*, the respondent trial court judge and the real party or parties in interest in the underlying case) and must contain proof of service.  TEX. R. APP. P. 9.5, 52.2.  The petition also lacks most of the contents required by Rule 52.  *Id.* 52.3, 52.7.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *Id.* 52.3(j).  It lacks a record and an appendix.  *Id.* 52.3(k), 52.7.  To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements.  *Id.* 2.

the Constitution and laws of the United States and of the State of Texas," and has failed to comply with Canon 6.B. of the Code of Judicial Conduct.

The petition specifically alleges that Respondent has refused to recuse himself but does not state that a motion to recuse has been filed. It also alleges that Respondent has failed to grant motions and has failed to dispose of the underlying case, but it does not identify or include in a record any of the motions. Nor does the petition include any information about the underlying case.

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at

685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez*, 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.*

Relator bears the burden of providing this Court with a sufficient record to establish her right to mandamus relief. *See In re Mullins*, 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, no pet) (mem. op.); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no record showing that Relator has brought any of the matters to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time. Because Relator has not shown that she is entitled to relief, we deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Petition denied
Opinion delivered and filed April 30, 2015
[OT06]

