

# NUMBER 13-15-00212-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ARTURO GOMEZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Arturo Gomez, proceeding pro se, filed a petition for writ of mandamus on May 4, 2015, seeking to compel the trial court to rule on and grant relator's motion for the return of property, including unspecified personal property, vehicles, and cash.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Relator's petition for writ of mandamus fails to meet the foregoing requirements. *See generally* TEX. R. APP. P. 52.3. For instance, relator has not provided an adequate appendix or record insofar as the only document attached to the petition for writ of mandamus is a copy of relator's "Motion for Return of Property" which is not file-stamped. Moreover, while our authority encompasses the ability to direct a trial court to issue a ruling on a motion, it does not include the power to reach the merits of the motion or direct the trial court regarding how to rule on it. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—

Texarkana 2008, orig. proceeding); *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding); *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding).  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
5th day of May, 2015.