

IN THE
TENTH COURT OF APPEALS

_____

No. 10-15-00347-CR

IN RE MILTON JARROD BROWN

_____

Original Proceeding

MEMORANDUM  OPINION

In this original proceeding,[1] Relator Milton Jarrod Brown seeks mandamus relief in the form of compelling the Respondent trial court judge to rule on Brown's motion for appointment of counsel in his post-conviction habeas proceeding.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(3) (West Supp. 2014).  Brown alleges that his motion has been pending for more than ninety days without a ruling.

---

[1] The application (petition) for writ of mandamus lacks proof of service on the State.  A copy of all documents presented to the Court must be served *on all parties* (*i.e.*, the trial court judge and the State through the district attorney in this proceeding) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. The petition also lacks most of the contents required by Rule 52.  *Id.* 52.3, 52.7.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *Id.* 52.3(j). It lacks a record and an appendix. *Id.* 52.3(k), 52.7.  To expedite this matter, we invoke Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. *The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (emphasis added).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez,* 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion *to the trial judge's attention*, and mandamus will not lie *unless the movant makes such a showing* and the

trial judge then fails or refuses to rule within a reasonable time. *See id.* Also, the mere filing of a pleading or letter *with the clerk* does not impute knowledge *to the trial judge*. *See In re Flores,* No. 04-03-00449-CV, 2003 WL 21480964 (Tex. App.—San Antonio June 25, 2003, orig. proceeding) (mem. op.).

Brown bears the burden of providing a sufficient record to establish his right to mandamus relief. *See In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no *record* showing that Brown has brought the matter to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time.

We deny the petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition denied
Opinion delivered and filed November 5, 2015
Do not publish
[OT06]

