

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-17-00008-CR
## No. 10-17-00009-CR

## IN RE GRETCHON WINDELL POWELL

---

## Original Proceedings

---

## MEMORANDUM OPINION

---

In these original proceedings,[1] Relator Gretchon Windell Powell seeks mandamus relief in the form of compelling the Respondent trial court judge to rule on Powell's motion for production of documents and motion to compel. Powell alleges that the motion for production of documents was filed on or about September 21, 2016, and that the motion to compel was filed on November 28, 2016.

---

[1] The applications (petitions) for writ of mandamus lack proof of service. A copy of all documents presented to the Court must be served *on all parties* (*i.e.*, the trial court judge and the State through the district attorney in these proceedings) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. The petitions also lack most of the contents required by Rule of Appellate Procedure 52. *Id.* 52.3, 52.7. They do not include the certification required by Rule of Appellate Procedure 52.3(j). *Id.* 52.3(j). They also lack a record. *Id.* 52.7. To expedite these matters, we invoke Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of App. for Fifth Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. *The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (emphasis added).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez,* 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion *to the trial judge's attention*, and mandamus will not lie *unless the movant makes such a showing* and the

trial judge then fails or refuses to rule within a reasonable time. *See id.* Also, the mere filing of a pleading or letter *with the clerk* does not impute knowledge *to the trial judge*. *See In re Flores,* No. 04-03-00449-CV, 2003 WL 21480964, at *1 (Tex. App.—San Antonio Jun. 25, 2003, orig. proceeding) (mem. op.).

Powell bears the burden of providing a sufficient record to establish his right to mandamus relief. *See In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1 n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.). There is no *record* showing that Powell has brought these matters to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time.

We deny the petitions for writ of mandamus.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurs with a note)*
Petitions denied
Opinion delivered and filed February 1, 2017
Do not publish
[OT06]

*(Chief Justice Gray concurs in the decision to deny the petitions for writ of mandamus filed by Powell but for reasons different than those expressed by the Court. A separate opinion will not issue. The Court's opinion implies that if a proper record is filed by Powell, the trial court will have a ministerial duty to rule on Powell's motions. I disagree. Powell is an inmate. His convictions, which occurred in October of 2009, were affirmed in 2011. He now seeks discovery he claims was not produced eight years ago.

The basis of his motion is the passage of the Michael Morton Act which was passed in 2013 and became effective on January 1, 2014, more than four years after his trial. The act does not provide for the procedure Powell is trying to utilize to obtain records allegedly in the possession of the State of Texas. I question whether the trial court has the authority to rule on the merits of Powell's post-trial motions. Powell certainly has not shown the trial court's authority, much less duty, to do so. Accordingly, I would deny the petitions for a writ of mandamus to compel the trial court to rule on the merits of Powell's motions, rather than suggest the trial court could be compelled to rule on them if Powell presented a proper record of his efforts to obtain a ruling on the subject motions from the trial court.)

