

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-17-00361-CR

## IN RE ROY LEE BOYKIN

---

## Original Proceeding

---

## MEMORANDUM OPINION

---

In this original proceeding, relator, Roy Lee Boykin, seeks mandamus relief in the form of compelling the respondent, Judge Matt Johnson of the 54th Judicial District Court, to rule on Boykin's motion for Chapter 64 DNA testing.[1]

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator

---

[1] Boykin's petition for writ of mandamus has numerous procedural deficiencies. Specifically, his petition does not: (1) identify the parties and counsel; (2) have a table of contents; (3) have an index of authorities; (4) have a statement of the case; (5) have a statement of jurisdiction; (6) contain an issues presented; or (7) set forth a statement of facts. *See* TEX. R. APP. P. 52.3(a)-(g). Boykin's petition also lacks an appendix containing necessary documents, including any order or motion complained of, outlined in Rule 52.3(k). *See id.* at 52.3(k). Moreover, the petition lacks proof of service on the respondent trial judge and the real party in interest, the State. *See id.* at R. 9.5, 52.2. Because of our disposition and to expedite this matter, we will implement Rule 2 and suspend these rules. *See id.* at R. 2.

has no other adequate legal remedy.'" *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez*, 62 S.W.3d at 228. However, that duty generally does not arise until the movant has brought the motion to the trial judge's attention; mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.*

Boykin bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also In re Raymer*, No. 10-13-00280-CR, 2013 Tex. App. LEXIS 12408, at *4 (Tex. App.—Oct. 3, 2013, orig. proceeding) (mem. op., not designated for publication). Here, there is no record showing that Boykin has brought the matter to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time. Accordingly, we deny the petition for writ of mandamus.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Petition denied
Opinion delivered and filed November 15, 2017
[OT06]

