

IN THE
TENTH COURT OF APPEALS

_____

No. 10-19-00277-CR

IN RE JACKIE RUSSELL KEETER

_____

Original Proceeding

_____

## MEMORANDUM OPINION

In this original proceeding, Relator Jackie Russell Keeter seeks to compel the respondent, the Judge of the 220th Judicial District Court of Hamilton County, to rule on his "Motion Nunc Pro Tunc."

"A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of App. for Fifth Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. *The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding) (mem. op.) (emphasis added).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez,* 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion *to the trial judge's attention*, and mandamus will not lie *unless the movant makes such a showing* and the trial judge then fails or refuses to rule within a reasonable time. *See id.* Also, the mere filing of a matter *with the clerk* does not impute knowledge *to the trial judge. See In re Flores,* No. 04-03-00449-CV, 2003 WL 21480964, at *1 (Tex. App.—San Antonio Jun. 25, 2003, orig. proceeding) (mem. op.).

Keeter bears the burden of providing a sufficient record to establish his right to mandamus relief. *See In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1 n.1 (Tex.

App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.). There is no record showing that Keeter has brought his "Motion Nunc Pro Tunc" to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time.

Accordingly, we deny Keeter's petition for writ of mandamus.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
    (Chief Justice Gray concurring with opinion)
Petition denied
Opinion delivered and filed August 28, 2019
[OT06]

