

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00338-CV

---

In re Genesis Fong, Relator

---

An Original Proceeding in Mandamus

---

## MEMORANDUM OPINION

Relator Genesis Fong filed this mandamus action against the Honorable Annabell Perez, Judge of the 41st District Court of El Paso County, Texas for allegedly improperly failing to rule on Fong's motion to sever her claims against Real-Party-in-Interest Janelle Thompson, who was granted summary judgment in the underlying suit.[1]

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). Mandamus may issue to compel

---

[1] Fong raises a second issue, which reads: "[T]he Trial Court failed to reinstate [Thompson] when it was clear that granting the no evidence Motion for Summary Judgment and the subsequent dismissal—not final—of [Thompson] were in error." Fong raised the same issue in a prior petition for writ of mandamus, which we denied. *See In re Fong*, No. 08-25-00191-CV, 2025 WL 2778130, at *1 (Tex. App.—El Paso Sept. 29, 2025, orig. proceeding). Because Fong presents no new argument and no new record materials in support of this issue, we conclude that she has not established a right to mandamus relief and deny her petition in relation to this issue.

a trial court to rule on a motion when it refuses to rule within a reasonable amount of time. *In re Hudspeth Cnty.*, No. 08-21-00169-CV, 2021 WL 5078823, at *3 (Tex. App.—El Paso 2021, orig. proceeding). To obtain such relief, the relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling; and (3) the trial court refused to rule. *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

What constitutes "a reasonable amount of time" depends on the circumstances of each case. *See Hudspeth Cnty.*, 2021 WL 5078823, at *3 (conditional grant of mandamus relief after 14 months pending, nine months after supplemental briefing, and four requests); *see also Shredder Co.*, 225 S.W.3d at 679–80 (conditional grant of mandamus after six months pending, three hearings, and three requests). Factors in weighing the reasonableness of time in ruling on a motion may include: its seriousness and complexity; the court's actual knowledge of the motion; the length of time it has been pending; the imminence of any trial setting; the court's overt refusal to act; the state of the trial court's docket; the existence of judicial and administrative matters which the trial court must first address; and the court's inherent power to control its docket. *Hudspeth Cnty.*, 2021 WL 5078823, at *3.

Here, the record reflects that two motions to sever Fong's claims against Thompson have been filed: one by Thompson on April 16, 2025, and one by Fong on October 30, 2025. However, the record does not reflect that a ruling was ever requested on Thompson's motion. And the only indication that Fong's motion was brought to the trial court's attention is a copy of an email from Fong's counsel to Uriel Barron dated November 11, 2025, which reads: "Uriel: Let me know if we need a hearing on this motion. I have my brief ready for the Court of Appeals, but I need a final

order to get there for jurisdiction purposes." Even assuming this email constituted a request for a ruling, a matter we do not decide, the email was sent less than six weeks before Fong filed her mandamus petition.

In addition, Fong argues that she lacks an adequate remedy on appeal because she is "entitled to an interlocutory appeal from an order granting or denying the summary judgment as expressly provided for by the Legislature[,]" citing Texas Civil Practice and Remedies Code § 51.014(a)(8). But as Fong acknowledges, § 51.014(a)(8) authorizes an interlocutory appeal of certain orders in suits involving "the State or its subdivisions." This provision does not apply to suits between private parties. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) ("A person may appeal from an interlocutory order . . . that . . . grants or denies a plea to the jurisdiction by a governmental unit[.]").

After reviewing the mandamus petition and record, we conclude that Fong has not established she is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

LISA J. SOTO, Justice

December 30, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.